TEXAS LAND & CATTLE COMPANY v. REBECCA WALKER ET AL.

Decided November 20, 1907.

**1.—Lost Deed—Existence and Execution—Circumstantial Evidence.**

In a suit of trespass to try title, the issue being whether or not a married woman had executed and properly acknowledged a deed to her separate property, circumstantial evidence considered, and held sufficient to require the submission of the issue to the jury.

**2.—Same—Privy Acknowledgment—Proof by Circumstances.**

After the lapse of a long time, in this case twenty-five years, the law will not require the same circumstantiality of proof of the execution of a deed as where the transaction is recent, and that an officer taking the acknowledgment of a married woman complied with the requirements of the statute may be inferred from circumstantial evidence, the deed itself being lost.

Appeal from the District Court of Matagorda County. Tried below before Hon. Wells Thompson.

*G. G. Kelley* and *Gaines & Corbett,* for appellant.—As to the effect of a demurrer to evidence: Booth v. Cotton, 13 Texas, 359; Hughes v. Christy, 26 Texas, 230; Harwood v. Blythe, 32 Texas, 801; Galveston, H. & S. A. Ry. Co. v. Templeton, 87 Texas, 46. As to the sufficiency of the evidence to prove the existence of the deed and its loss: Crain v. Huntington, 81 Texas, 614; Blanton v. Ray, 66 Texas, 62; Parks v. Caudle, 58 Texas, 220; Simpson v. Edens, 14 Texas Civ. App., 241; Daniels v. Creekmore, 7 Texas Civ. App., 573; Clifton v. Lilley, 12 Texas, 133; Dohoney v. Womack, 19 S. W. Rep., 883; Patrick v. Badger, 41 S. W. Rep., 538; 1 Greenleaf on Evidence, sec. 563; Johnson v. Lyford, 29 S. W. Rep., 57.

Upon a motion by defendant to instruct a verdict, when the evidence of plaintiff is of a conclusive character and uncontradicted, the court should overrule the motion and instruct the jury to return

a verdict for plaintiff. House v. Robertson, 89 Texas, 689; Montgomery v. Carlton, 56 Texas, 365; Corley v. Renz, 24 S. W. Rep., 936; Eberstadt v. State, 92 Texas, 94; Supreme Council v. Anderson, 61 Texas, 296; Reid v. Reid, 11 Texas, 593; Washington v. First National Bank, 64 Texas, 6.

When there is any evidence tending to prove a question in issue it must be left to the jury; and it is error for the court to direct a verdict for defendant when there is any competent evidence in behalf of plaintiff. Newberger v. Heintze, 3 Texas Civ. App., 260; Dittman v. Weiss, 31 S. W. Rep., 67; Potter v. Wheat, 53 Texas, 401; Williams v. Davidson, 43 Texas, 39; Ellis v. Rosenberg, 29 S. W. Rep., 519; Mitchell v. McLaren, 51 S. W. Rep., 270; Matula v. Lane (Texas Civ.), 56 S. W. Rep., 112; Johnson v. Lockhart, 20 Texas Civ. App., 600; Ney v. Ladd, 68 S. W. Rep., 1014.

*Grobe & Boyd, Linn, Holland & Austin* and *Whit Boyd*, for appellees.—The appellant wholly failed to establish the execution and delivery of a valid deed of conveyance from Mrs. Eliza Schulze, under whom defendants claim title by inheritance, to J. M. Fitzgerald and wife, which deed is one of the links in their title; and the trial court did not, therefore, err in directing the jury to return a verdict for the defendants. Daniels v. Creekmore, 7 Texas Civ. App., 577; Garrett v. Spradling, 39 Texas Civ. App., 60; Downs v. Peterson, 99 S. W. Rep., 751; Overand v. Menczer, 83 Texas, 128; Blanton v. Ray, 17 S. W. Rep., 264. A party claiming under a deed has the burden of showing that the deed was properly executed. 13 Cyc., page 725, No. 2, "Evidence."

JAMES, CHIEF JUSTICE.—This is a suit of trespass to try title to land. The petition was filed by appellant claiming title to the Jackson Hadden one-fourth of a league. It seems useless to set forth in this opinion a detailed statement of the nature of the case as presented by the pleadings of the several parties, as the judgment is questioned in one respect only.

An agreement was filed which stated substantially the following, viz.:

1st. That the land in controversy is the interest in said tract inherited by Mrs. Eliza Schultze, which interest is an undivided one-fourth of said one-fourth league.

2d. That Wm. Hadden inherited one-half of said survey, that Mrs. Eliza Schultze, wife of C. A. Schultze, and Mrs. Virginia Fitzgerald, wife of J. M. Fitzgerald, inherited said survey from Wm. Hadden, each inheriting one-fourth, and that Mrs. Schultze was a married woman since 1866.

3d. The main issue is whether or not Eliza Schultze and her husband, C. A. Schultze, conveyed her one-fourth interest to her sister, Virginia Fitzgerald, and husband, or to either of them, by deed or exchange of lands under which plaintiffs claim. That plaintiffs own the other three-fourth interest in the tract and that plaintiffs have also acquired the title of some of the heirs of Mrs. Schultze in her one-fourth. The amount of the land in dispute being all of

said one-fourth except such interests as plaintiff had bought up from certain of Mrs. Schultze's heirs, she having died in 1898.

The question involved is whether or not a conveyance of Mrs. Eliza Schultze's one-fourth interest to the Fitzgeralds was shown by sufficient evidence. After plaintiff had concluded its proof defendant filed the following: "Now comes the defendant in the above entitled cause and demurs to the evidence of the plaintiff and asks that the court instruct a verdict for the defendant." This was sustained and the court directed a verdict for defendant, upon which and the agreement judgment was rendered, awarding to appellees the part of Mrs. Schultze's one-fourth interest that had not been conveyed to plaintiff by her heirs.

The testimony on the disputed issue was substantially as follows: Mrs. Eliza Schultze died in 1898. Her husband, C. A. Schultze, testified that he and his wife exchanged Mrs. Schultze's one-fourth interest in the Hadden survey with Virginia and John Fitzgerald for their interest in certain land in the Pettus league in Wharton County, and that he and his wife never afterward asserted any interest in said Hadden survey but went into possession of the Wharton County land and that Schultze paid the taxes on it until he sold it. That said exchange was made under the following circumstances:

That either Capt. Everett, a notary public, or Henry Wagenfuhr, county clerk of Colorado County, both of whom are now dead, or Mr. Daniels, a notary public of Colorado County, who is living, made out the deed of transfer of Mrs. Schultze's interest in the Hadden one-fourth league to John and Virginia Fitzgerald at either Alleyton or Columbus, or at witness' house within a few days prior or subsequent to the acknowledgment of deed of John and Virginia Fitzgerald transferring their interest in the tract of land in Wharton County to him and his wife, Eliza. Witness, his wife and one of said officers were present when the deed was executed. The deed on record in Wharton County will show month, date and year, witness could not give it definitely. The officer, one of the three named, took the acknowledgment of witness and his wife. Witness did not know what questions the officer put to his wife, he was not present with them at the time. Witness signed it and saw his wife do so. The two deeds were written by the same party, the deed to the land in Wharton County to witness and his wife is the best proof of who wrote it.

A deed was placed in evidence by plaintiff as the deed given in exchange, which was from John Fitzgerald and Virginia Fitzgerald to C. A. Schultze for land in Wharton County, dated —— day of October, 1879, and acknowledged before J. H. Cole, justice of the peace and *ex officio* notary public, Gonzales County, on November 15, 1879. This deed was to C. A. Schultze alone and it recited that it was made "for and in consideration of a tract of land deeded to us by C. A. Schultze said land lying in Matagorda County."

Witness Schultze testified further that he did not remember that

anybody else was present but himself, his wife and the officer. That his wife was interested, besides in the tract in question, in the Pettus league in Wharton County, the Criswell land in Matagorda County, also certain land at the mouth of Wilson Creek in Matagorda County, and certain land in other counties. That witness never had executed deeds to his wife's property without being joined by her, except a deed to a railroad right of way to which she consented. Witness denied the fact that his wife was reluctant about alienating the property which she inherited from her father, testified that she did not refuse to sign many deeds when witness was trying to sell same. That the deed to the land in Wharton County does not speak the truth in its recital that it was made in consideration of a deed from witness. The witness went on to say, "The deed of transfer of my wife's interest in the Jackson-Hadden one-fourth league in Matagorda County, Texas, to John and Virginia Fitzgerald was signed by my wife, Eliza, and myself; the proposition to make the transfer was gotten up between my wife and her sister Virginia; there was but one deed made of this property during my wife's lifetime and it was in favor of John and Virginia Fitzgerald and I and my wife, Eliza, acknowledged the said deed."

It was shown that in November, 1879, J. M. Fitzgerald conveyed one-half of the Hadden fourth of a league to Joseph and A. Vanham, which deed was placed of record. The will of Joseph Vanham was probated in 1882, and in November, 1884, A. Vanham individually and as executor of Joseph Vanham conveyed said land, with other lands, to A. Kountze, which deed was recorded in January, 1886. In June, 1890, A. Kountze and wife conveyed this and other lands to the appellant, the Texas Land & Cattle Co., which deed was placed of record.

There was sufficient proof that such a conveyance from Mr. and Mrs. Fitzgerald could not be found, and that all reasonable search had been made for it. Also proof that Everett and Wagenfuhr were dead, and that Daniels, though living, remembered nothing of the transaction. Also proof that J. M. Fitzgerald had, in the presence of his wife, been asked for such a deed and he stated that he did not have it. There is no testimony by any person who saw such a deed as to it containing an acknowledgment of Mrs. Schultze. Fitzgerald and his wife's testimony was not taken, but there is nothing to suggest that their testimony, at this time, if taken, would have thrown any light on whether or not it showed a proper acknowledgment or any acknowledgment by her.

Upon substantially this state of evidence the court took the view that there was not sufficient testimony to warrant finding that Mrs. Schultze had executed a conveyance of her interest in the Hadden land to the Fitzgeralds.

The proof was direct that she and her husband signed such a deed in 1879, at or about the time of the date of the deed from the Fitzgeralds to Schultze which was November 15, 1879. That fact the jury could of course find if they believed Schultze, but more was necessary, viz.: That she, before a proper officer, had the

instrument explained to her and made the acknowledgments which the statute requires of married women.

After a long lapse of time it can not be expected, and the law will therefore not require, the same circumstantiality of proof as in cases where testimony of the precise transaction is supposed to be accessible. As was stated in Parks v. Caudle, 58 Texas, 220, "If a deed was in fact ever made and was destroyed by fire, no copy having been preserved, it would be rare indeed that witnesses after twenty years had passed would be able to testify definitely to more than its substance." In the case now before us twenty-five years had elapsed since the time such a deed was made, if made at all. Conditions are shown which seem to render it impossible to discover, or obtain the testimony of the officer who Schultze says took his and his wife's acknowledgment to such a deed. Mrs. Schultze died in 1898. Schultze would of course not know what transpired between the officer and his wife in respect to her acknowledgment taken separately from him. From the time indicated for the making of such a deed, Mrs. Schultze and her husband did not assert claim to the Hadden land while she lived, and presumably her heirs did not for a considerable time later, this action not being brought until 1904. Schultze and wife went into possession of the Wharton County land taken in exchange, and paid taxes upon it until it was sold. The Fitzgeralds sold the Hadden land soon after the date indicated for such exchange, and it has been regularly conveyed through successive grantees by recorded deeds, until it came to appellant, no others having asserted any claim thereto in the meantime.

We do not hesitate to recognize that there are circumstances the other way, but the question before us is whether or not there are sufficient circumstances in favor of the execution of such a deed by Mrs. Schultze to require the matter to be submitted to the jury. There was direct evidence of the fact of the exchange of this land; that Schultze and his wife both signed a deed of it to Fitzgerald and wife, and that this was done before an officer qualified to take acknowledgments to deeds, and that he took the acknowledgment of both of them, and that her acknowledgment was taken out of the presence of Schultze. The only fact of which direct proof is wanting is that the officer explained the deed to her and took her acknowledgments to what the statute required. That such a proceeding is capable of being proved by circumstances where the deed is lost has been held. Simpson v. Edens, 14 Texas Civ. App., 236; Daniels v. Creekmore, 7 Texas Civ. App., 577.

After so long a time as has occurred here, in respect to the missing link of title, it would be unreasonable to exact direct or circumstantial proof of each and every act that is necessary to be done before an officer in taking a married woman's acknowledgment. In this case no one would seem to be in a position to give any testimony concerning the particular act of the officer and the woman, the officer being undiscoverable, the woman being dead, and the husband excluded by law from having been present at the examination.

It is argued by appellee that plaintiff should be required to make proof of the several acts that were essential to Mrs. Schultze's ac-

knowledgment, before it could recover. We take this to be a contention that such acts could not be inferred by the jury from circumstances developed here. Further, that such a rule would open the door wide for fraud, and enable one who held such a deed with defective certificate thereon to destroy it and then establish a deed that had really never been executed. The answer to this argument is that such a consideration would in any case be more properly for the jury, as the courts do not proceed upon the hypothesis that men are disposed to be dishonest. Again, after a long lapse of time, the argument might well be made that the alleged grantor and her heirs, by their delay, rendered it necessary, in the interest of justice, to allow the grantee to establish the execution of such deed by evidences and inferences, which it would not have been necessary to resort to had they asserted their right at a time when direct or better proof would have been accessible. The argument which appellee advances would leave little hope for a grantee under a proper married woman's deed, which could not be found after many years had passed.

If the witness Schultze is believed, the trade was made by his wife, and she acknowledged the deed before a proper officer, separate and apart from him, and with him entered upon the land received in exchange, and she never afterwards claimed this land. It would not be an inadmissible inference, in view of these facts, for a jury to make, that, if she acknowledged the deed, she did so with a full understanding of it, and did so willingly, and did not wish to retract it. We think that after so many years of nonclaim by Mrs. Schultze and her heirs, and the growth of a chain of title openly exposed on the public records, that could have had a proper origin only in a conveyance by her of her title, together with what was testified to by Schultze and the apparent hopelessness of at this time proving the details and formalities of the wife's acknowledgment by any direct evidence, it should have been left to the jury to say, from what was before them, whether or not she had in fact effected a conveyance of this property.

The judgment will not be disturbed in so far as it awards an interest in the land to appellant, which interest was not contested, but in so far as it adjudicates the remainder of the land against appellant, it will be reversed and the cause remanded.

*Reversed and remanded.*