BLAKE et al. v. MARSHALL et al.
(No. 3160.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 6, 1926. Rehearing Denied Jan. 21, 1926.)

1. Trial ⬚252(5)—Instruction not to consider testimony as to husband's conversations or statements unless wife was present held erroneous.

Where plaintiffs claimed under unrecorded and lost deed, executed by husband and wife, while declarations of husband concerning the conveyance could not be taken as admissions binding on the wife, they were admissible as circumstances showing that deed had been executed, and hence it was error to instruct that property was the separate property of the wife, and jury could not consider testimony as to conversations with husband or statements made by him unless she were present at the time so as to affect her interest or title; there being no evidence that wife was present.

2. Deeds ⬚207—Conveyances of land may be shown by circumstances.

A conveyance of land may be shown by circumstances.

3. Trespass to try title ⬚45(1)—Charge as to legal formality essential to conveyance of separate property of married woman held misleading.

Charge that before title passed to separate land of a married woman it must be by deed in writing, and conveyance must be signed by her and her husband and acknowledged by her apart from her husband before proper officer, *held* calculated to mislead, in the belief that such formality must be shown by direct evidence.

4. Evidence ⬚372(3)—Production of ancient deed, delivered about 37 years ago, makes prima facie case.

Where it was alleged that conveyance of land was executed by husband and wife and de-

livered about 37 years ago, had original deed been produced bearing certificate of notary it would have been sufficient without further proof of its execution, it being an ancient instrument, and would have required no more than its production from proper custody to make a prima facie case.

Appeal from District Court, Marion County; R. T. Wilkinson, Judge.

Trespass to try title by Mattie Blake and another against J. S. Marshall and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded for a new trial.

See, also, 264 S. W. 116.

T. D. Rowell, of Jefferson, and I. C. Underwood, of Marshall, for appellants.

Schluter & Singleton, of Jefferson, for appellees.

HODGES, J. The appellants, Mattie Blake and her husband, sued the appellees in the form of an action of trespass to try title to recover 100 acres of land situated in Marion county. The appellees answered by a plea of not guilty. It is conceded that Mrs. Carrie Marshall, under whom the appellees claim by inheritance, is the common source of title. Mrs. Carrie Marshall was the wife of C. L. Marshall, both of whom died several years before this controversy arose. The title of the appellants depends upon a conveyance from C. L. Marshall and wife to Bob Hines, the deceased father of Mattie Blake. She claims that such conveyance was executed by Marshall and wife and delivered to Bob Hines about 37 years ago; that this conveyance was never recorded and was afterwards lost. She offered testimony tending to prove those facts.

The court submitted two special issues to the jury:

"(1) Did C. L. Marshall and wife, Carrie Marshall, execute and deliver to Bob Hines a deed of conveyance to the land described in the plaintiffs' petition?

"(2) Did Carrie Marshall ever acknowledge such a deed of conveyance before an officer authorized by law to take acknowledgments, separately and apart from her husband, C. L. Marshall, and was same shown to her and then and there fully explained to her by said officer?"

Both of these questions were answered in the negative. In connection with those issues, the court told the jury that:

"Before title shall pass to the separate real estate of a married woman it must be by deed in writing, and the conveyance by deed must be signed by her and her husband, and acknowledged by her privily and apart from her husband before some officer authorized by law to take acknowledgments to deeds, and such conveyance must be shown to her—fully explained to her by such officer."

At the conclusion of the instruction the court told the jury that any material issue

in a civil case may be proved by circumstantial evidence as well as by direct. The portion of the charge last quoted was objected to upon the ground that, under the facts of this case, it placed too·great a burden upon the plaintiffs.

Laura Clinton, the mother of Mattie Blake and the former wife of Bob Hines, testified, in substance, that Bob Hines, her former husband, had been convicted of murder and sent to the penitentiary somewhere about the year 1883 or 1884; that prior to his conviction he had purchased the land in controversy from C. L. Marshall and wife; that he agreed to pay $100 for the land, and that this amount was paid in two instalments; that he obtained a deed from Marshall and wife conveying the property. She knew that fact because she had seen the deed and had heard it read by another man, she herself being unable to read or write. She further testified that Hines lived on the place about three years; that he cleared, fenced, and cultivated about 25 or 30 acres. After the conviction and imprisonment of her husband, Hines, she moved off the premises. She had kept the deed in her trunk, but it subsequently disappeared, and she was never afterwards able to locate it. Other witnesses testified for appellants that they helped to survey the land at the request of Bob Hines; that he resided on the land two or three years, built a house on it, and cleared approximately 20 or 30 acres. One witness testified that he saw a deed purporting to have been signed by Marshall and his wife; that it bore the certificate of an officer purporting to be an acknowledgment of the grantors; that he read the deed over, and it described land in the survey in which it is alleged this land was located. Other witnesses testified that they heard C. L. Marshall say that he had sold the land to Bob Hines, and that Hines had paid him all of the purchase money.

[1] At the instance of the defendants below the court gave the following special charge:

"You are instructed that the undisputed proof in this case shows that the property in controversy was the separate property of Mrs. Carrie Marshall, and you cannot consider any of the testimony before you as to conversations with her husband, C. L. Marshall, or statements made by him, unless she were present at the time, so as to affect her interest or title in the property."

Appellants objected to that charge because, in effect, it withdrew from the jury the right to consider the declarations of C. L. Marshall as material circumstances tending to prove the execution of the lost deed.

[2] In this suit the appellants relied on circumstantial evidence to prove a conveyance of the land from Marshall and wife to Bob Hines. That such a transaction may be shown by circumstances has long been well settled by the decisions of our courts. Herndon v. Burnett, 21 Tex. Civ. App. 25, 50 S. W. 581, and cases there referred to. No witness testified in the trial below to having seen Marshall and his wife execute a deed, nor did any of them say that they saw and recognized the signatures of Mr. and Mrs. Marshall ·to any conveyances. Under the conditions presented in the record the trial court should have permitted the appellants to prove any fact constituting a circumstance tending to show the execution of the deed alleged and relied on by the appellants. The land belonged to Marshall. The jury might legitimately conclude that her husband, C. L. Marshall, would probably look after and conduct the sale and disposition of her property. He was required by law to join her in its conveyance. All the parties to the transaction were dead, and no direct evidence was available to prove the execution of a deed. While the declarations of Marshall concerning a conveyance to Hines cannot be taken as admissions binding on his wife, they were admissible as circumstances tending to show that such a deed had been executed. Brewer v. Cochran, 45 Tex. Civ. App. 179, 99 S. W. 1033; Magee v. Paul, 110 Tex. 470, 221 S. W. 256; Houston Oil Co. v. Drumwright (Tex. Civ. App.) 162 S. W. 1014. We think the court erred in giving the special charge instructing the jury not to consider them. That was the effect of the charge, because there was no evidence that Mrs. Marshall was present.

[3, 4] We are also of the opinion that the charge of the court as to the legal formality essential to the conveyance of the separate property of a married woman was calculated to mislead the jury in the trial below into believing that such formality must be shown by direct evidence. Had the original deed been produced bearing the certificate of the notary in proper form, the deed alone would have been sufficient without further proof of its execution. Being an ancient instrument, it would have required no more than its production from proper custody to make at least a prima facie case. West v. Houston Oil Co., 56 Tex. Civ. App. 341, 120 S. W. 228; Texas Land & Cattle Co. v. Walker, 47 Tex. Civ. App. 543, 105 S. W. 545; 10 R. C. L. p. 1135, § 342.

For the reasons stated, the judgment will be reversed and the cause remanded for another trial.