## A. C. HERNDON, GUARDIAN, v. A. J. VICK.

### No. 406.—Decided April 16, 1896.

**1. Registration—Transfer Written on Deed—Description of Land.**

A conveyance was duly recorded: following its record on the same page was registered a deed by the grantee in the first instrument containing no description of any land, but instead thereof the words "to the within deed," the date of recording being noted only at the end of the second instrument. In suit by one claiming under the latter. Held:

(1) The language quoted should be construed as referring to a deed upon which the transfer was written.

(2) The latter transfer with its supporting evidence (for details of which see opinion) should have been submitted to the jury, who should determine therefrom whether such transfer was written upon the instrument recorded immediately before it.

(3) It was error to exclude the copy of the second transfer and its record.

**2. Presumption of Grant.**

A grant will not be presumed as matter of law from long continued possession. The presumption is one of fact, and it is for the jury to determine the effect of the evidence in support of that presumption.

ERROR to Court of Civil Appeals for First District, in an appeal from Harris County.

The suit was brought by Vick to recover land granted to Vince and claimed by plaintiff through conveyance from his heirs. Defendant claimed through the transfers from Vince to Dickinson and Dickinson to Cole, his ancestor, referred to in the opinion. The trial court excluded defendant's evidence of title and instructed a verdict for plaintiff, and on appeal by defendant this was affirmed by a divided Court of Appeals, and appellant secured writ of error.

*James B. Masterson; Stewart, Stewart & Lockett* and *Baker, Botts, Baker & Lovett,* for plaintiff in error.—There was error of law committed by the Court of Civil Appeals in overruling the assignments of error urged by plaintiff in error in his appeal, which in substance and effect complained of the action and ruling of the court below in excluding from the jury, on objections of appellee, the duly certified copy of

the instrument of conveyance, dated May 1, 1838, from Edward Dickinson to Jeremiah Cole, and acknowledged and recorded on May 10th, 1838, which was offered by petitioner in connection with a certified copy of a deed from William Vince to Edward Dickinson, dated November 24, 1830, and accompanied by evidence of circumstances tending to show that the said deed of May 1, 1838, was endorsed upon and written and signed on the said deed of November 24, 1830, and was intended to convey the same land; and in instructing the jury, upon the exclusion of such evidence, to return a verdict against petitioner.  Harlow v. Hudgins, 84 Texas, 107;  Threadgill v. Bickerstaff, 87 Texas, 520;  s. c., 7 Texas Civ. App., 406;  Lemon v. Graham, 6 L. R. A., 663;  1 Dev. on Deeds, sec. 174.

A certified copy from the record, showing that the deed had been recorded thirty years, with corroborating circumstances of its authenticity, will authorize the introduction of such copy as a copy of an ancient instrument.  Holmes v. Coryell, 58 Texas, 688;  Brown v. Simpson Heirs, 67 Texas, 225;  Railway v. Stealey, 66 Texas, 470;  Stroud v. Springfield, 28 Texas, 649;  Threadgill v. Bickerstaff, 87 Texas, 520;  1 Greenleaf on Evidence, 570;  1 Wharton's Evidence, 732, 733;  Starkie on Evidence (9th edition), 521.

*Ewing & Ring*, for defendant in error.—The instrument was properly excluded.  It did not contain in itself, or by reference to any other evidence, any description whatever of a subject-matter, and was therefore void upon its face, and incapable of being aided by extraneous evidence.

It was the province of the court, and not of the jury, to construe and determine the legal effect of the instrument in writing.  Shepherd v. White, 11 Texas, 346.

The ambiguity in respect to description was patent, and could not "be holpen by averment or proof," Norris v. Hunt, 51 Texas, 614;  Pfeiffer v. Lindsay, 66 Texas, 125;  Coker v. Roberts, 71 Texas, 602.

The remedy in such case, and the only remedy, is, through affirmative equitable relief, to reform the instrument.  Clark v. Gregory (Texas Sup.), 27 S. W. Rep., 57;  Prentice v. Railway, 154 U. S., 163;  Beach's Eq. Juris., secs. 538, 539;  Pomeroy's Eq. Juris., sec. 1376.

In this case no such affirmative equitable relief could be granted, for the reason, among others, that there were no pleadings authorizing it.  Williams v. Barnett, 52 Texas, 130;  Groesbeeck v. Crow, 85 Texas, 200.

If there were any proof by parol of a sale extrinsic of the evidence furnished by the instrument itself, it was indispensable, by the civil law in force prior to January 18, 1840, that a parol sale of land be accompanied by possession.  Briscoe v. Bronaugh, 1 Texas, 331;  Monroe v. Searcy, 20 Texas, 353;  Paschal v. Acklin, 27 Texas, 192;  La. Civ. Code, art. 2255.

Under the civil law, as at the common law, a description of the subject of sale, so as to identify and distinguish it, was indispensable, the rule

being that the thing must be "certain and determinate:" La. Civ. Code, arts. 2640, 2641 and 2414; Schmidt's Civ. Law of Spain and Mexico, art. 595 et seq.; Johnston's Law of Spain, Book II, Title XIII, p. 207 (188); idem, Book III, Title VII, pp. 327-330 (281-284); 1 Strahan's Domat's Civ. Law, Cush. ed., 197.

If the instrument in question was not void upon its face, still the circumstances adduced and offered were legally insufficient to warrant the jury in inferring (1) that the instrument was indorsed upon the alleged copy; and (2) in further inferring that its subject-matter was that of such copy. As a matter of law, the evidence was insufficient to go to the jury on the issues tendered.

In view of the lapse of time, acquiescence and non-claim, every fair presumption, in weighing the evidence, is warranted against the appellant, even less cogent evidence having often supplied by presumption a missing deed in favor of the long possessor; Taylor v. Watkins, 26 Texas, 698; Dailey v. Starr, id., 562; Herndon v. Casiano, 7 Texas, 335; Newby v. Haltaman, 43 Texas, 314; McDow v. Rabb, 56 Texas, 159; Manchaca v. Field, 62 Texas, 140; Bounds v. Little, 75 Texas, 320; Walker v. Caradine, 78 Texas, 489; Hutchings v. Goldfrank (Texas Sup.),——S. W. Rep., ——Fletcher v. Fuller, 120 U. S., 534; Smith v. Swan, 2 Texas Civ. App., 568; Harrison v. Friar, 28 S. W. Rep. (Texas Civ. App.), 250; Lawson's Contracts, sec. 39; 2 Wharton's Evidence, secs. 1338, 1351-1354, note p. 462; 1 Phillip's Evidence, 661, et seq.

As a rule of law, in weighing circumstantial evidence, one inference can not be deduced from another; Railway v. Porter, 73 Texas, 304, 307; Hutchings v. Goldfrank, supra; 19 Am. & Eng. Ency. of Law, 39 and note; Wharton's Evidence, sec. 1226, note 1 on p. 363; Railway Company v. Henrice, 92 Pa. St., 431.

There was no issue of fact for the jury; Railway v. Randall, 109 U. S., 482; Commissioners v. Clark, 94 U. S., 278; Underwood v. Dugan, 139 U. S., 380; Burrill's Circumstantial Evidence, 32; Bailey's Injuries to Servants, 503, 508; Railway v. Jackson (Eng.), 3 App. Cas., 193; Trapnell v. Junction, 76 Iowa, 744.

Upon dismissal as to the heirs of Jeremiah Cole, the appellant, as crossplaintiff, had the burden to prove his case: Block v. Weiller, 61 Texas, 692; Giraud v. Ellis, 24 S. W. Rep. (Texas Civ. App.), 967,. 969.

GAINES, CHIEF JUSTICE.—The following statement of this case and of the questions presented for determination is taken from the opinion of the Court of Civil Appeals:

"Appellee, the defendant in error here, brought suit against a number of persons, including Jeremiah Cole, and also against the unknown heirs of such persons, to establish his title to and recover a tract of four hundred acres of land, a part of the lower half of a league granted to William Vince by the Mexican government, July 21, 1824. The defendants were cited by publication, and none of them answered except the appellant; A. C. Herndon, the guardian in Texas of the estate of Frederick

Cole, alleged to be non compos mentis, answered, alleging that his ward was the only heir of Jeremiah Cole, deceased, and, as such, held title to the lower half of the Vince league. In reply to the plaintiff's allegation of title to the land, under the statute of limitation, he alleged that the ward, Frederick Cole, had been insane since the year 1840. He also, by cross petition, sought affirmatively to recover the land. After this answer and plea in reconvention was filed, plaintiff filed an amended petition, from which he omitted, as defendants, Jeremiah Cole and his unknown heirs, and the cause proceeded to trial as between plaintiff and the other defendants on this amended petition, and as between plaintiff and appellant in the latter's plea in reconvention.

"The plaintiff claimed under a deed from the heir of Vince, executed on the 8th day of September, 1838, and produced a complete chain of title from the grantee therein, consisting of a number of mesne conveyances. He also established through an adverse possession, cultivation and use of the land, which commenced in 1887, and had been since continued under deeds duly registered, accompanied by payment of all taxes, title by limitation against all persons, unless it was defeated as to Frederick Cole by the fact of his insanity.

"Appellant claimed through an authentic act of sale from Vince to Edward Dickinson, executed on the 24th day of November, 1830, before the alcalde or judge of Austin's colony, conveying the lower half of the Vince league, less a labor, the original of which was on file in the clerk's office in Austin County, and a copy of which, certified by the clerk of that county on the 14th day of April, 1838, was recorded in Harris County; and both the original and record were admitted in evidence, both being in the Spanish language. Appellant then, to show a conveyance from Dickinson to Jeremiah Cole, of whom Frederick Cole is the sole heir, offered a certified copy from the records of Harris County of the following paper in the English language:

" 'Columbia, Brazoria County, May 1, 1838.—I do hereby transfer all my right, title and interest to Jeremiah Cole, for the consideration of twenty-five hundred dollars to me in hand paid, the receipt of which is hereby acknowleged, before the undersigned witnesses, as witness my hand and seal day and date as above to the within deed. Edward Dickinson (L. S.). Witness: Andrew Orr, R. M. Craven, Thos. Cole. Signed, sealed and delivered in presence of D. J. Holt as acting justice of the peace for and in the aforesaid county. D. S. Holt, Notary Public ex-officio. Republic of Texas, County of Harrisburg, I, Lewis B. Harris, clerk pro tem of the county aforesaid, do hereby certify that the witness Thomas Cole, who signed this instrument, personally appeared before me and being duly sworn said that he saw Edward Dickinson sign this instrument for the purposes in it mentioned and contained, and that he signed the same as a witness, as also did R. M. Craven in his presence. Houston, May 10, 1838. Lewis N. Harris, clerk pro tem. Recorded May 10, at 9 o'clock A. M., 1838.' "

"Plaintiff objected to the admission of the document on the ground

that it contained no description of the land in controversy or of any other land; and the appellant then gave in evidence the record book in which both the act of sale from Vince to Dickinson and the above paper were recorded, and from it these facts appeared:

" 'The record of the purported transfer to Jeremiah Cole immediately followed the record of the certified copy of the deed from Vince to Dickinson, with about the intervening space between the two usual in the case of other instruments recorded in said book; at the end of the purported transfer to Jeremiah Cole there was a notation showing the date when the same was recorded, and there was no notation showing the date of the record after the record of the transfer to Dickinson, which notation when made it was usual to make at the foot of the record of the instrument, but there were several other instances in said record book where there was only one file notation of the date of the record and immediately following one instrument, and being the only file mark following after the record of several entirely independent instruments, with the usual intervening space left between such instruments; the transfer to Dickinson was recorded in a different handwriting from the record of the purported transfer to Jeremiah Cole; the transfer to Dickinson appeared to have been made in the handwriting of the person who recorded many other of the Spanish instruments in said book B, but where the date was noted of the record of such other Spanish instruments it was in the handwriting of the person making the record of such instruments; the said book B contained mostly but not exclusively Spanish instruments, there being other instruments in the English language recorded in said book besides the above purported transfer to Jeremiah Cole. The said cross-plaintiff also proved that the purported transfer to Jeremiah Cole above mentioned was recorded in the handwriting of Lewis B. Harris, then clerk pro tem. of Harris County, Texas, and that the file notation to such latter instrument, showing the date when the same was recorded, was also in his handwriting. Thereupon the said cross-plaintiff re-offered in evidence, in connection with said extrinsic proof, the purported transfer to Jeremiah Cole, above mentioned, contending that such purported transfer passed the legal title from Edward Dickinson to Jeremiah Cole, and that he should be permitted to go to the jury on the question of fact as to whether or not such transfer was attached to the certified copy of the Spanish act of sale from Wm. Vince to Edward Dickinson; whereupon the said plaintiff, Andrew J. Vick, by his attorney, objected to the admission in evidence of such purported transfer upon the ground that the same was incapable of being aided by extrinsic testimony, for the reason that it did not in itself, or by any reference, describe or identify its subject matter as the land in controversy, or any land embracing that in controversy, or describe any land whatsoever; and on the further ground that, if capable of being aided by such testimony, the extrinsic proof made was legally insufficient to identify or describe the subject matter of such pur-

ported transfer as being or comprising the land in controversy, or any land whatsoever. Which objections the court sustained.'

"The conveyance from Vince to Dickinson recited a consideration of $289. The evidence shows that Edward Dickinson made a deed to Thomas Cole, dated June 10, 1839, recorded in Harris County, August 8, 1840, for the land conveyed by Vince to Dickinson, reciting a consideration of $289. Thos. Cole was a witness to the instrument from Dickinson to Jeremiah Cole and a brother or nephew of the latter. Thomas Cole was alive as late as 1870. Jeremiah Cole died in 1839, leaving a widow and a son named William. The evidence is sufficient, for the purpose of this appeal, to show that Frederick Cole is also his son, though appellees in the court below contested that fact. The widow died within a year after her husband, and William died in Maine in 1862, leaving no wife or descendants. Frederick Cole was an infant when his father died, and has been insane since 1841, residing in Maine, and, since 1867, has been under the care of a guardian in that state. An administration upon the estate of Jeremiah Cole was opened in Fort Bend County in 1839, and an inventory was prepared by the widow, in which no mention was made of the land in controversy. William Cole came to Texas in 1860, claiming lands of his father, but did not mention to an agent, whom he appointed and who sold other lands for him, any claim to the land in controversy. No effort was made in the court below to show what had become of the copy of the deed from Vince to Dickinson, which had been recorded in Harris County, and on which it is claimed, the transfer from Dickinson to Jeremiah Cole was indorsed.

"The court, after excluding the evidence on which appellant's title rested, instructed a verdict against him, and judgment was rendered against him that he take nothing, and in favor of plaintiffs against the defendants sued by him."

The Court of Civil Appeals held that the words "to the within deed" found in the purported transfer from Edward Dickinson to Jeremiah Cole should be construed as referring to a deed upon which the transfer was written, but that the evidence offered was properly excluded, because it was not sufficient to justify the submission to the jury of the question, whether or not the transfer was written upon the copy of the Spanish deed from Vince to Dickinson. Upon the first proposition, all the members of that court concurred; but upon the second, there was a dissent.

For the reasons given in the opinion of the court, we think the first question correctly decided. But we are also of opinion that the court erred in its ruling upon the second point. We think that the transfer with its supporting evidence should have been admitted, and that the question, whether it was written upon a copy of the deed from Vince to Dickinson, should have been submitted to the jury to be determined in the light of all the evidence in the case. The reasons for the conclusion upon the first point are ably and satisfactorily stated in the opinion of the court; and upon the second in the dissenting opinion. A

discussion of the questions by us would result in a repetition of the same arguments merely stated in different language.

But it is insisted on behalf of defendant in error that should this court hold that the trial court erred in excluding the evidence of the transfer from Dickinson to Cole, the judgment should nevertheless be affirmed. The ground of this contention is, that the proof of the long and continued possession, use, and an enjoyment of the land in controversy, under a claim of title by defendant in error and those under whom he claims, together with the evidence that no claim had ever been asserted on behalf of the plaintiff in error until the bringing of this suit, is so conclusive in its nature and tendency as to impel the court to presume a sale or conveyance from Cole back to the original grantee, should it be found that Cole ever possessed the title. It has doubtless been held in other jurisdictions that the inference arising from long possession and enjoyment of real estate, together with corroborating circumstances, may be so cogent as to make it the duty of the court to instruct the jury to presume a grant. Such is not the rule in this State. With us the presumption is one of fact, and it is for the jury to determine the effect of the evidence in support of that presumption. Taylor v. Watkins, 26 Texas, 688; Walker v. Caradine, 78 Texas, 489; Dailey v. Starr, 26 Texas, 562.

The judgment of the Court of Civil Appeals and that of the District Court are reversed and the cause remanded.

*Reversed and remanded.*