A. C. HERNDON, GUARDIAN, v. J. H. BURNETT ET AL.

Decided March 8, 1899.

**1. Deed—Proof of—Presumption.**

The execution of a deed may be established by circumstantial evidence, and the question whether or not a deed will be presumed from the circumstances is a question for the jury.

**2. Same.**

See the opinion for state of facts under which, after lapse of sixty years, a deed was presumed from the long assertion of adverse right, failure of the grantor's heirs to claim the land, and other circumstances.

**3. Same—Insanity as Affecting Presumption.**

The insanity of the heir of the grantor in an alleged deed, during the period following the grantor's death while the property was claimed adversely to him, does not necessarily preclude a presumption from the circumstances of the execution of a deed by his ancestor, although it tends to weaken the effect of his failure to claim the property as a circumstance tending to support the presumption.

APPEAL from Harris. Tried below before Hon. WILLIAM H. WILSON.

*Baker, Botts, Baker & Lovett* and *J. R. Masterson,* for appellant.

*J. M. McCord* and *Ewing & Ring,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to the lower half of the William Vince survey in Harris County, less a labor out of the northwest part thereof, and less 400 acres off of the east part thereof, instituted by A. C. Herndon, as guardian of the estate of Frederick Cole, a person of unsound mind, against John H. Burnett and Cora Bacon Foster. Lizzie M. Clardy and her husband, J. F. Clardy, and W. A. Evans were made parties on their covenants of warranty to Burnett, and George Kuhns, G. Slagle, Daniel McCormick, L. J. Yarnell, and J. T. Mason intervened, alleging that during the pendency of the suit they had purchased parts of the land in controversy and had improved the same, and they asked to defend against the claim of appellant, adopting the answer of Burnett and Foster. The cause was tried by jury, and resulted in a verdict and judgment in favor of defendants and interveners for the land in controversy.

Frederick Cole claims as a son and heir of Jeremiah Cole and Elizabeth Cole. He introduced in evidence a conveyance by William Vince, the patentee, to Edward Dickinson, and also introduced the following instrument, signed by Dickinson: "Columbia, Brazoria County, May 1, 1838.—I do hereby transfer all my right, title, and interest to Jeremiah Cole for the consideration of twenty-five hundred dollars to me in hand paid, the receipt of which is hereby acknowledged before the undersigned witnesses, as witness my hand and seal, day and date, as above to the within deed."

The court submitted the cause to the jury on three issues: First, was the above copied instrument indorsed upon the deed from Vince to Dickinson? Second, was Frederick Cole the child and issue of Jeremiah Cole and Elizabeth Cole? Third, if the jury should find that the transfer was indorsed on the deed aforesaid, were the circumstances in proof such that a deed from Jeremiah Cole should be presumed? The jury found a general verdict for appellees, and we conclude that there was testimony sufficient to justify the jury in finding for appellees on all three issues.

The following charge given by the court is attacked as erroneous by appellant:

"Should the jury determine that Jeremiah Cole became the owner of said land, and that the said Frederick is the child and issue of said Jeremiah and his wife Elizabeth, then the jury will inquire whether they will indulge the presumption of a sale, deed, or release by Jeremiah Cole of said land, as now to be explained. The law on this point is, that a deed or sale may be shown by circumstance like any other fact, the presumption being a question for the decision of the jury; and in this connection the jury are advised that up to January 18, 1840, a verbal sale of land, accompanied with possession, was as valid as a written one. If then the jury believe, upon a fair consideration of all the circumstances in the case, those which the jury may believe to repel, as well as those which the jury may believe to favor such presumption, that the circumstances are consistent with the inference or presumption that such sale, release, or deed was made as claimed by defendants and interveners, and that, in

view of all the circumstances, it is more reasonably probable that such sale, release, or deed was made, than that it was not, then the jury are at liberty to presume and find that it was; and if the jury, deciding the issues in favor of the weight of the evidence on the point to be determined by them, do so presume and find, let the verdict be for the defendants and interveners, without regard to the other issues submitted. But if the jury do not so presume, let the verdict be determined under the instructions upon the other issues submitted."

We are of the opinion that there is no error in the charge.

When Jeremiah Cole died his wife applied for an allowance for herself and children, and although the estate was a small one, not exceeding $10,000 in value, she did not in her inventory of the property include the land in controversy, and when Mrs. Cole died and Thomas Cole applied for letters of guardianship of the estate of her son, William J. Cole, no mention was made of said land. No claim was set up by anyone to the land until this suit was filed some time in the latter part of 1893, although William J. Cole, a son of Jeremiah Cole, lived until 1861 or 1862. There was evidence to the effect that the land was occupied by those under whom appellees claim as far back as 1839, when Jeremiah Cole was living, and there was continuous possession of the land from 1866 until time of trial. We think the circumstances were consistent with the existence of a grant by Jeremiah Cole, and warranted a submission of the question to the jury. It is well settled that the execution of a deed may be established by circumstantial evidence. Bounds v. Little, 75 Texas, 316; Ammons v. Dwyer, 78 Texas, 639; Brown v. Perez, 79 Texas, 157; Baylor v. Tillebach, 20 Texas Civ. App., 490, and authorities therein cited; Manchaca v. Field, 62 Texas, 135.

In the case of Taylor v. Watkins, 26 Texas, 688, Justice Bell in delivering the opinion of the court, said: "I draw the conclusion, from what has been said, that the question whether a grant will be presumed or not is a question for the jury; in other words, that the court ought always to leave it to the jury to presume a grant or not, acording to the evidence and circumstances of the case." The same doctrine is reiterated in another branch of this case by the Supreme Court. Herndon v. Vick, 89 Texas, 469.

It is contended, however, that the presumption of the execution of a deed can not be indulged against a dead man, a married woman, or one non compos mentis. The jury were not instructed that a presumption of a deed could arise as to either class mentioned, but as to a deed by Jeremiah Cole while living. It might be that the circumstance of a failure to claim the property through many years, while in possession adversely to his interest, would be greatly weakened by the insanity of the owner of the land, but the fact of insanity would not preclude the presumption of the execution, from circumstances, of a deed by the ancestor of the insane person. Under the plea of "not guilty" the appellees were properly allowed to prove circumstances tending to raise the presumption of a grant by Jeremiah Cole. Rev. Stats., art. 5257.

The charge of the court presented clearly every issue made by the pleadings and proof to the jury, and it was not error to refuse the special charges requested.

Several witnesses testifying as to the heirship of Frederick Cole developed the fact that they were testifying from hearsay, and the testimony was properly excluded.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.