**HOFFMAN et al. v. PAYTON et al.**
**(No. 8847.)**

(Court of Civil Appeals of Texas. Galveston.
Nov. 24, 1926. Rehearing Denied
Dec. 23, 1926.)

1. **Trespass to try title** ⚖️**41(1)—Finding that plaintiff's predecessor released all interest in property in dispute to defendant's predecessor held supported by evidence.**

In action of trespass to try title, finding, from adverse possession of defendant's predecessor and failure to claim interest in land by plaintiff's predecessor, that there was settlement between them in their lifetime whereby plaintiff's predecessor released all interest in property, was amply supported by evidence.

2. **Trespass to try title** ⚖️**46—Findings that defendant did not have title by adverse possession, and that plaintiff's predecessor relinquished interest in property to defendant's predecessor, held not inconsistent.**

Findings of jury, in action of trespass to try title, that defendant and predecessors had not acquired title by adverse possession and that there was settlement whereby plaintiff's predecessor relinquished all claim in property to defendants' predecessor, are not necessarily inconsistent.

3. **Adverse possession** ⚖️**115(1)—Title claimed by acts of ownership long acquiesced in may be found by court or jury to have been acquired by deceased claimant from deceased former owner.**

Court or jury may find, from long assertion of claim and acts of ownership acquiesced in, that title so claimed has been acquired by deceased claimant from deceased former owner.

4. **Adverse possession** ⚖️**116(8)—Instruction that settlement of claim to property may be presumed from claim of ownership long acquiesced in, without positive evidence of settlement, held proper.**

In action of trespass to try title, instruction that settlement of claim to property may be presumed from continued possession and acts of ownership acquiesced in, without positive evidence that any settlement was in fact executed, held proper.

5. **Trespass to try title** ⚖️**35(2)—Defense that plaintiff's predecessor released claim to property may be made under plea of not guilty.**

In action of trespass to try title, defendants are not required to specially plead conveyance or release of claim by plaintiff's predecessor in title, but may make such defense under plea of not guilty.

Appeal from District Court, Galveston County; Leo C. Brady, Judge.

Action by George Hoffman and others against Mrs. Myrtle Payton and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

D. D. Hughes, of Houston, and Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, for appellants.

Stewarts and W. N. Zinn, both of Galveston, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title, brought by appellants against the appellees. As originally brought the suit involved the title and possession of lot 8 and a portion of lot 9 in the southwest block of outlot No. 43, and an adjoining strip of land out of Twenty-Second street in the city of Galveston, but in the progress of the trial plaintiffs abandoned their claim to lots 8 and 9, and only sought recovery of the land designated as the adjoining west one-half of Twenty-Second street. The defendants answered by plea of not guilty, pleas of limitation of 3, 5, 10, and 25 years, and plea of improvements in good faith. The trial in the court below with a jury resulted in a judgment in favor of defendants.

The evidence shows that the property described in plaintiffs' original petition was owned and held by Daniel Young at the time of his death in May, 1872. He left a will by which all of his property was devised to his sons, Godfrey and Adolph, and Henrietta Hoffman, an adopted daughter. On May 18, 1872, these sons and adopted daughter, by written instruments, partitioned the property between themselves. In this partition Godfrey Young was given all of the property except the Twenty-Second street strip, which was conveyed by Godfrey to his brother Adolph and Henrietta Hoffman. A note was executed by Godfrey in favor of his brother Adolph and Henrietta Hoffman for the amount of the agreed difference in value of the property received by him in this partition and that conveyed to the other parties. Henrietta Hoffman was married at the time this partition was made, and shortly thereafter moved to Houston with her husband and died there in 1922. Appellants are the heirs of Henrietta Hoffman.

The premises in controversy were occupied by Godfrey and by Adolph Young, who made his home thereon until his death in 1897. After Adolph's death, Godfrey took possession of the entire property and held and used it as his own until his death in 1921.

Appellee Mrs. Myrtle Payton, who is the sole heir of Godfrey Young, has held. and claimed the property since Godfrey's death.

The undisputed evidence shows that the property was openly and notoriously claimed and held by Godfrey and Adolph Young during their lifetime, by Godfrey Young after the death of Adolph, and by appellee since the death of Godfrey. This adverse claim and possession had continued for more than 40 years preceding the filing of this suit. Many years ago Adolph Young built a small

house upon a portion of the property and lived therein until his death in 1897. Prior to this time, Godfrey had erected a building on the rear portion of the property, the lower portion of which he used for the storage of vehicles and tools, and the upper story was rented to tenants. These improvements on the property were kept up and continuously used by Godfrey and his tenants after the death of Adolph. The taxes on the property were paid by Godfrey and by appellee since his death. Henrietta Hoffman never paid taxes on the property, received no rents therefrom, and with full knowledge of Godfrey's possession and open assertion of ownership, acquiesced therein, according to all of the evidence except the testimony of J. W. Milam, the husband of one of appellants, who testified that on two occasions he heard a conversation between Henrietta Hoffman and Godfrey in which it was stated in effect that Godfrey was having the use of Henrietta's interest in the property in consideration of his payment of the taxes. The dates of these alleged conversations are not shown. Henrietta Hoffman left a will by which she undertook to dispose of all of her property, giving to each of three children specifically described portions of her estate. There is no residuary clause in this will, and the property therein described and bequeathed was all of the known estate of the testator. The inventory of the estate filed by the executrix, Mrs. Milam, does not list the Galveston property as a part of the estate. No claim was asserted by any of the appellants to the property in controversy until shortly before this suit was filed, and this claim was induced by a request from appellees for a quitclaim deed when an examination of the record by an abstract company failed to show a record title in Godfrey Young.

The cause was submitted to the jury upon special issues, and in response to the questions propounded to them they found that appellee and her predecessors in title had been in possession of the property since 1897; that such possession was not adverse to appellants; and that appellees had knowledge of appellants' claim. They further found that there was a settlement between Godfrey Young and Henrietta Hoffman in their lifetime by which she relinquished all claim to the property.

It seems to us that the overwhelming weight of the evidence is against the finding of the jury that the possession of Godfrey Young and appellee Mrs. Payton was not adverse to appellants, and it is hard to understand how the jury made this finding unless, as suggested by appellees' counsel, it was induced by a misunderstanding of the statement in the court's charge that the possession must have commenced in hostility to appellants' claim.

[1] But be that as it may, the further finding of the jury that there was a settlement between Godfrey Young and Henrietta Hoffman in their lifetime, in which he released to him all her right, title, and interest in the property, is amply supported by the evidence. It seems to us that the evidence before set out can lead to no other reasonable conclusion.

[2, 3] Viewed in the light of the charge and the undisputed evidence in the case, we do not regard the findings of the jury as necessarily inconsistent. The right of a court or jury to find from long and continued assertion of claim and acts of ownership on one side, and acquiescence therein on the other, that the title so claimed and asserted has been acquired by a deceased claimant from a deceased former owner, is a settled rule of decision in this state. Grayson v. Lofland, 21 Tex. Civ. App. 503, 52 S. W. 123; Brewer v. Cochran, 45 Tex. Civ. App. 179, 99 S. W. 1033; Magee v. Paul, 110 Tex. 470, 221 S. W. 254; Fletcher v. Fuller, 120 U. S. 534, 7 S. Ct. 667, 30 L. Ed. 759.

[4] In submitting this issue to the jury the trial court gave the then following instructions:

"Taking into consideration the instructions now here given, you will determine whether or not you will presume that there was a conveyance made by Henrietta Hoffman to Godfrey Young of the west one-half of Twenty-Second street adjoining lot 8 in the southwest block of outlot 43, city and council of Galveston, Tex. The law is that where a party has been for many years in possession of property and asserting an exclusive right of ownership therein, and where it appears that the subsequent claimants, such as Henrietta Hoffman and her heirs in this case, have for many years asserted no claim to the property but have conducted themselves in such way as to show a nonclaim on their part, then if from all the facts and circumstances in evidence it is more reasonable to presume than otherwise a settlement has been made between the parties, and that such subsequent claimants in some way have parted with her or their title and claim, then under such circumstances you are entitled to presume that there was such settlement and adjustment or a conveyance made by said Henrietta Hoffman to said Godfrey Young; and it is not necessary that you have any positive evidence that any such was in fact executed. It is sufficient if the facts lead you to the conclusion that the conveyance might have been executed, and that its existence would be a solution of the difficulties arising from its nonproduction. Taking the foregoing into consideration, you will answer the following question: Do you presume that there was a settlement between Henrietta Hoffman and Godfrey Young during their lifetime whereby Henrietta Hoffman relinquished all claim to the property?"

This charge correctly submitted the issue, and, as we have before said, the finding of the jury thereon is amply sustained by the evidence.

[5] The appellees were not required to specially plead a conveyance or release of her

claim by Henrietta Hoffman, and were entitled to make this defense under their plea of not guilty. Herndon v. Burnett, 21 Tex. Civ. App. 25, 50 S. W. 581.

We think the authorities above cited sustain the judgment of the trial court and require its affirmance, which has been ordered.

Affirmed.