## PERRY et al. v. VENABLE.

### No. 3616.

Court of Civil Appeals of Texas. El Paso.

Jan. 6, 1938.

Rehearing Denied Feb. 3, 1938.

Beauchamp & Richardson, of Tyler, for appellants.

McEntire, James & Shank, of Tyler, for appellee.

NEALON, Chief Justice.

This suit was filed originally by J. M. McDavid against Cloteel Perry, Louise Womack, who are his sisters, R. H. Venable, and others. The husbands of Cloteel Perry and Louise Womack were joined as party defendants. The suit involved certain described land in Rusk county, Tex. McDavid sought partition of the surface estate among himself and his said sisters. He also sought recovery of alleged interest in the property from several defendants, including R. H. Venable. The suit as against all defendants, except Mrs. Perry and Mrs. Womack, was in the usual form of trespass to try title. Plaintiff also sought an accounting for the proceeds of the sale of oil produced by certain defendants from the land involved. Cloteel Perry and Louise Womack, joined by their husbands, filed an answer to plaintiff's suit and a cross-action against R. H. Venable, the appellee. In their answer they consented to a partition of the surface rights as prayed by McDavid. By their cross-action they sought to recover title to royalty interests and to have a certain instrument by which their mother, Mrs. Eula McDavid, conveyed a one-fourth interest in the minerals in and under said land to R. H. Venable removed as a cloud upon their alleged title. They also sought an accounting. By their cross-action they joined with said plaintiff, J. M. McDavid, and adopted those portions of his petition "which set out a cause of action against the defendant R. H. Venable," etc.

Venable filed a general denial and a plea of not guilty, and invoked the two and four year statutes of limitation. Vernon's Ann. Civ.St. arts. 5526, 5527.

The case was tried to the court without the intervention of a jury. The court by its judgment awarded $\frac{4}{18}$ of the surface estate to J. M. McDavid and $\frac{13}{18}$ jointly to Cloteel Perry and Louise Womack as their separate property, all subject to oil leases owned by Humble Oil & Refining Company and R. G. Storey. The judgment further provided that McDavid should recover from defendants a $\frac{214}{2432}$ undivided interest in and to the minerals under said land, subject to said oil and gas lease. A further provision of the judgment was as follows:

"It is further ordered that said oil, gas and mineral estate in, to and under said above-described land and premises is owned by the following and in the proportion set out after their names, subject to the two oil and gas leases aforesaid; J. M. McDavid $\frac{214}{2432}$nds undivided interest; R. H. Venable, $\frac{60}{2432}$nds undivided interest; Louise Womack, as her separate property, $\frac{20}{2432}$nds undivided interest; Cloteel Perry, as her separate property, $\frac{518}{2432}$nds undivided interest—making a total of $\frac{1544}{2432}$nds undivided interest owned by the parties aforesaid, and the balance of said mineral estate, to-wit, $\frac{888}{2432}$nds undivided interest, is owned (subject to the two oil and gas leases aforesaid) by grantees and assignees of the said J. M. McDavid, Cloteel Perry, Louise Womack, and Sarah McDavid, as shown by instruments duly recorded in the Deed Records of Rusk County, Texas."

It was also adjudged that Louise Womack and Cloteel Perry should take nothing on their cross-action against R. H. Venable, and Venable was quieted in his title and possession of a one-fourth undivided interest in and to the minerals in and under said land as against Louise Womack and Cloteel Perry and their husbands.

Cloteel Perry and husband and Louise Womack and husband have appealed from so much of said judgment as was recovered by R. H. Venable against them. No findings of fact or conclusions of law were filed and none were requested.

## Opinion.

Appellants' brief contains eleven assignments of error. The first nine complain of the admission of various written instruments "over the objection of cross-plaintiffs, appellants herein." None of them is followed by a statement showing upon what grounds objections were made or that appellants excepted to any of said rulings. Nor is there reference to any pages of the record upon which this information appears. To excuse this lack, appellants invoke article 1844, R.C.S., as amended in 1931, Vernon's Ann.Civ.St. art. 1844. The only change made by said amendment was to relieve appellants and plaintiffs in error of the duty of filing assignments of error in the trial court. Otherwise the law with reference to the presentation of assignments by litigants and their consideration by appellate courts remains as it was before the enactment of the amendment. These assignments, therefore, will not be considered. Southern Casualty Co. v. Vatter, 115 Tex. 148, 278 S.W. 177.

Assignment No. 10 challenges the alleged action of the court in holding that said division orders and an "agreement as to interest" ratified their mother's sale to Venable and estopped appellants "from setting up the fact that they had never conveyed their property to the defendant R. H. Venable," or, "if the court did not" so hold as to ratification, it did "hold such instruments to be conveyances and * * * committed an error in so holding." As stated, findings of fact and conclusions of law were neither filed nor requested. Nor did appellants follow their tenth assignment with a statement. It will not be considered. Rule 31; Brigman v. Holt, Tex.Civ.App., 32 S.W.2d 220; Southern Rock Island Plow Co. v. Williams, Tex.Civ.App., 80 S.W.2d 340.

The eleventh assignment is general in its nature, charging that the court erred in rendering judgment in favor of Venable and against Mrs. Perry and Mrs. Womack, because in so holding, as appellants charge, the court construed a certain instrument, heretofore denominated an "Agreement as to Interests," to constitute a conveyance of interest.

Appellees insist in reply to the eleventh and all other assignments of error that the judgment should be affirmed, because it affirmatively appears that not all of the facts have been brought forward in the statement of facts. Unless there has been a substantial compliance with the statute in the preparation and approval of the statement of facts, it is, of course, our duty to presume that there was evidence to support the judgment of the trial court and affirm that judgment. This brings us to a consideration of the ap-

plicable statutes, and to whether there has been compliance with their provisions.

Article 2238, R.C.S. as amended in 1931, Vernon's Ann.Civ.St. art. 2238, provides that, when any party to a suit shall desire a transcript of the reporter's notes, he may apply to the stenographer, who shall thereupon file an original and duplicate copy in question and answer form among the papers in the cause, and it then becomes the duty of the court to approve this transcript, if it be found correct, after having given notice to interested parties in order to permit them to make objections. If the objections are found to be material and well founded, they are to be allowed. Such a transcript, when approved and signed by the judge, shall be filed among the papers and become a record therein.

Article 2239, as amended in 1931, Vernon's Ann.Civ.St. art. 2239, provides that, in the event of an appeal, the original stenographer's transcript in question and answer form shall be sent up as the report of the testimony therein, and that, except as in the statute provided, no other record of said testimony shall be sent up on appeal. It provides, however, that the parties, if they desire, may prepare and have filed a concisely written narrative statement of facts on appeal, containing only the evidence of facts relating to questions of which review is sought, and omitting repetitions by the same witness as well as irrelevant parts of writings and irrelevant written documents. The statute further provides that the narrative statement may contain questions and answers and objections thereto when necessary or proper to elucidate or present any particular question for review. Failure to comply substantially with the provisions of the act is made a sufficient ground in the appellate court for striking out and not considering such statement of facts. No motion to strike was filed.

Article 2240 provides that, in the event of disagreement, the parties may submit their respective statements to the judge, who shall, from his own knowledge and with the aid of such statements, prepare and sign and file with the clerk a correct statement of the facts proved on the trial.

■■ In the instant case the forms used in the various certificates of the attorneys, as well as that of the judge, make the question before us a difficult one. It is expressly stated in the certificate of the stenographer that the statement contains a full, true, and correct statement of all matters ordered to be put in the record by counsel for appellants, but is not and does not purport to be a full, true, and correct transcript of all the proceedings. The attorneys for appellee do not agree that it is a transcript of all the evidence, but is a true and correct transcript of the part introduced on the trial as certified by the official court reporter. The attorneys for appellants certify that the original plaintiffs and defendants are not involved in the appeal, and that the statement "constitutes all of the evidence by" appellants and appellee, who, it is certified, are the only parties affected by the appeal. It is evident that the intention of this certificate was to represent to the court that the statement of facts contained all the evidence applicable to the questions of which review is sought, and we are convinced that this is what the court intended to certify when he approved the statement "with the explanation of the attorneys." These statutes are to be construed liberally in furtherance of the right of appeal, and, in view of the provisions of articles 2239 and 2240, the statement of facts should be considered. Martin v. Martin, Tex.Civ.App., 229 S.W. 695; Kelso v. Townsend, 13 Tex. 140; Pratley v. Sherwin-Williams Co., Tex.Com. App., 36 S.W.2d 195; Halifax Fire Ins. Co. v. Columbian Nat. Fire Underwriters' Agency, Tex.Civ.App., 63 S.W.2d 750.

■■ The burden is upon appellants to show error in the court's judgment. If there is any competent evidence to sustain that judgment, it must be affirmed. The suit was originally brought in trespass to try title in the common form. This pleading of the original plaintiff was adopted by appellants. There is also a prayer to remove cloud from title, it being alleged that the mineral deed from Mrs. Eula McDavid to R. H. Venable constituted a cloud, their contention being that the property had been separate estate of appellants' father, and therefore his widow had no title in the minerals that she could convey. Appellants, who appear in the case as cross-plaintiffs, and appeal from an adverse judgment, could recover only upon the strength of their own title. They did not plead title by limitation. It was necessary, therefore, for them to prove either a chain of title connecting them with the sovereignty of the soil or superior title emanating from a common source. We think they have not done either. No attempt was made to show that appellants deraigned title from the sovereignty of the soil.

As to the question of common source, the following appears in evidence: (1) a judgment of the district court of Rusk county entered at the January term, 1893, partitioning certain property purporting to belong to the estate of J. M. McDavid, deceased, among the heirs of said estate and allotting to John E. McDavid, the father of Cloteel Perry and Louise Womack, the land involved in this litigation; (2) a mineral deed from Eula McDavid, a feme sole, who described herself therein as "wife of J. E. McDavid, deceased, of Rusk County, Texas," conveying said land, describing it by metes and bounds and reciting that it was the same land conveyed to John McDavid April 21, 1883, by R. M. Rynne and G. H. Gould and set aside to J. E. McDavid in the partition suit hereinbefore referred to, less certain acreage theretofore conveyed, said mineral deed conveying an undivided one-fourth interest in and to all of the "oil, gas and other minerals in and under and that may be produced from" said land.

Mrs. McDavid did not purport to act as a representative of her deceased husband's estate or as an heir of her husband. Nowhere is it recited that she held under her deceased husband. There is in the record nothing to show that she may have not acquired from her husband an interest in the land by gift or otherwise. Since children of the marriage survived their father, Mrs. McDavid could not, as heir of her husband, hold the estate she sought to convey. R.C.S. arts. 2570, 2571. We think the facts do not show that appellants and appellee deraigned title from a common source.

There were introduced in evidence the following documents: four division orders, each signed by appellants and their husbands, and each jointly acknowledged by them, and each directing that $\frac{1}{4}$ of $\frac{1}{8}$ of the oil run be credited to R. H. Venable; a release from the Humble Oil & Refining Company, their successors and assigns, of all right, title, and interest of said company in a certain oil and gas lease executed by Mrs. Eula McDavid, J. M. McDavid, Sarah McDavid (who died before this suit was brought), Cloteel Perry and husband, and Louise Womack and husband, which release applied to all except 10 acres of said original lease, and contained a recital that, by the acceptance of the release, said lessors, together with R. H. Venable and others, "owners of portions of the royalty, released said Company from all liability arising in connection with said lease," etc.; an instrument dated February, 1931, which we shall call an "agreement as to interest," which was entered into between Mrs. Eula McDavid, appellants herein, appellee and others, which related to the $\frac{1}{8}$ royalty interest in said land, and among other recitals and provisions, contained the following:

"Whereas, the undersigned are the owners of mineral and/or royalty interests, subject to the outstanding leases now owned by Humble Oil & Refining Company and R. H. Dearing & Sons, Myer A. Rabinowitz and R. G. Storeny, in, to and under the following described real estate, situated in Rusk County, Texas, to-wit: (here follows description of the land); and

"Whereas, there has arisen some question about the respective ownership of the various royalty interests, and in order to agree upon a division of interests and eliminate any question as to the amount owned by each, the undersigned have entered into this agreement for the purpose of definitely ascertaining the ownership of the oil, gas and mineral interest in, to and under the above described property, as hereinafter set out.

"Now, therefore, for and in consideration of the sum of One Dollar ($1.00) cash in hand paid to each party by the other, and in further consideration of the mutual benefits accruing to each of the parties hereto, and for the further purpose of agreeing upon a division of interests and the ownership of each, it is hereby agreed by and between all of the parties hereto that the oil, gas and minerals in, to and under the above described tract of land are owned by the following in the proportions as set opposite their names, to-wit: (The $\frac{7}{8}$ths leasehold interest is confirmed in various lessees.) * * *

"That the remaining one-eighth ($\frac{1}{8}$th) interest, subject to the above leases, is owned by the undersigned in the proportions as set opposite their respective names as follows:

"Eula McDavid, Route No. 1, Overton, Texas, $\frac{65}{152}$nds of $\frac{1}{16}$th of $\frac{1}{8}$th;

"J. M. McDavid, Rt. No. 1, Overton, Texas, ———ths of $\frac{1}{8}$th;

"Cloteel Perry, Rt. No. 1, Overton, Texas, $\frac{1}{16}$ths of $\frac{1}{8}$th;

"Louise Womack, Rt. No. 4, Overton, Texas, c/o Terry Drug, $\frac{1}{16}$th of $\frac{1}{8}$th;

"W. C. Windsor, Box 385, Tyler, Texas, $\frac{1}{32}$nd of $\frac{1}{8}$th;

"O. M. Boren, Citizens Bank Building, Tyler, Texas, $\frac{1}{16}$th of $\frac{1}{8}$th;

"R. H. Venable, Citizens Bank Building, Tyler, Texas, $\frac{1}{4}$th of $\frac{1}{8}$th;

"E. B. McDarlin, Tulsa, Oklahoma, $\frac{1}{16}$th of $\frac{1}{8}$th;

"Humble Oil & Refining Co., Houston, Texas, $\frac{127}{608}$ths of $\frac{1}{8}$th.

"The undersigned do further jointly and severally agree that the oil, gas and mineral interests in, to and under the above described property shall be hereafter owned by the above parties, their heirs, successors and assigns, in the proportions as above set out, free and clear and independently of the interests of the other parties hereto, and that the interests as above set out in the respective parties be and the same are hereby ratified in and to said owners as above set out, in the proportion agreed upon herein.

"This agreement is binding upon the heirs, successors, executors, administrators and assigns of each party hereto, and likewise inures to the benefit of the heirs, successors, executors, administrators and assigns of each party hereto. * * *"

No grounds for cancellation of said instrument were alleged, nor was its cancellation sought. An attempt was made to avoid its effect by testimony upon the part of Mrs. Perry and Mrs. Womack that at the time they executed the agreement they did not know that the property involved was the separate property of their father. They did not say that they were ignorant of the fact that their father acquired the property by descent. They testified merely that they were ignorant of the law governing the status of the property. It was not shown that they exercised diligence to learn their legal rights. Under such circumstances, their ignorance of the law is not sufficient ground for disregarding their contract. Wells v. Houston, 23 Tex.Civ.App. 629, 57 S.W. 584, at page 597. They also testified that they received no consideration for executing the instrument. Only the interested parties so testified. The weight to be attached to their testimony was for the court. Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447; Houston Ry. Co. v. Runnels, 92 Tex. 305, 47 S.W. 971; Stone v. City of Wylie, Tex. Com.App., 34 S.W.2d 842. Upon its face the agreement bore evidence that it was executed to settle a controversy as to the interests of the parties. This was sufficient consideration. The agreement was admissible under the plea of not guilty. Robb v. Robb, Tex.Civ.App., 41 S.W. 92; 41 Tex.Jur. pp. 631 et seq.; Hoffman v. Payton, Tex.Civ.App., 289 S.W. 431.

The intent of the various parties to the instrument to confirm each to the other the interests therein specified is plain. The purpose is stated to be "to agree upon a division of interests and eliminate any question as to the amount owned by each * * * and definitely ascertaining the ownership of the oil, gas and mineral interest in and under" the land, etc. The agreement is express, definite, and clear, and is made binding upon the heirs, successors, executors, and assigns of each party to it. It is more than a division order. It was clearly intended by each party to release to the others the portion not definitely reserved to each. It was effective for that purpose. Harlowe v. Hudgins, 84 Tex. 107, 19 S.W. 364, 31 Am.St.Rep. 21. Technical words were not necessary to make it thus effective. Baker v. Westcott, 73 Tex. 129, 11 S.W. 157.

The eleventh assignment of error is overruled, and the judgment of the trial court is affirmed.