Opinion delivered March 13, 1888.

---

No. 2562.

ANNIE BURNETT ET AL. *v.* E. H. HARRINGTON AND WIFE.

1. EVIDENCE—DEDICATION.—The declarations of a vendor, made at the time of purchase, that a street abutted on one of the lines of the land sold are admissible against his heirs who claim title to show a dedication of the ground by the ancestor to public use.

2. CHARGE OF COURT.—When it is manifest that no injury could have resulted to the appellant from a charge complained of, it can afford no ground for the reversal of the judgment.

APPEAL from Harris. Tried below before the Hon. James Masterson.

*E. P. Turner,* for appellants: An estoppel operates on all privies in estate, and is independent of notice. The qualification in the charge was error, and precluded the jury (there being no proof of notice on part of Harrington of the agreements and acts of Lord and Burnett) from finding for appellants under any circumstances. · (Hobby's Land Law, sec. 344; Hoxey v. Clay, 20 Texas, 586; Houston v. Sneed, 15 Texas, 307; Bolton v. Lann, 16 Texas, 113; Herman on Estoppel, page 490, sec. 512. As to doctrine of estoppel, see Herman on Estoppel, page 239, sec. 216.)

*E. P. Hamblen* and *Stewart & Stewart,* for appellees: The court did not err in charging the jury that if they found from the evidence that Burnett, by unequivocal acts and declarations made to Lord at and before the sale, represented that the property in dispute was a street, then he and his heirs are estopped from denying it. (Kimbro v. Hamilton, 28 Texas, 568; Box v. Lawrence, 14 Texas, 556; City of Corsicana v. White, 57 Texas, 384; Lamar v. Clements, 49 Texas, 347; Oswald v. Grenet, 22 Texas, 99, 100; Irwin v. Dixon, 9. Howard, 11; 6 Peters, 437; 12 Wheat., 582; Greenleaf on Evidence, sec. 23; 3 Kent's Com., 445, 450, 428; Abbott v. Mills, 3 Vt., 521.

STAYTON, CHIEF JUSTICE. In 1862 the ancestor of the appellants conveyed to I. C. Lord a lot in the city of Houston, described in the deed as follows: "Commencing at the southwest corner of a purchase made by me from W. D. & M. L. Smith; thence in an easterly direction along the Liberty road two hundred feet; thence in a northwesterly direction parallel with the western boundary of aforesaid survey one hundred feet; thence parallel with the opposite side two hundred feet for the northwest corner; thence parallel with its opposite side fronting on the street leading from the Liberty road to the New Orleans railroad depot one hundred feet to the beginning, which is the southwestern corner of this survey."

It is shown that at the time the deed was made the grantor and grantee by agreement fixed the beginning corner at a point about fifty feet easterly from the southwestern corner of the tract purchased by the ancestor from the Smiths, and no question is made that Lord became entitled to the land as recited, commencing at the point agreed upon. The western half of the lot thus conveyed to Lord was by him conveyed to

Mrs. Harrington, by a deed with the same calls on the western and southern sides for the Liberty road, and the street leading from that road to the New Orleans railroad depot.

In August, 1872, the ancestors of appellants conveyed to Mrs. Harrington another lot contiguous to and north of that she had bought from Lord, and it was described as follows: "Beginning at the northwest corner of a lot of ground sold by me to I. C. Lord, and by him to E. H. Harrington, and of record manifest; running thence north in a line with the west boundary of said lot fifty feet; thence parallel with the ncrthern boundary of aforesaid lot sold to Lord two hundred feet; thence fifty feet to the southeast corner of this lot; thence two hundred feet to the place of beginning."

At the time this last conveyance was made the ancestor was shown to have stated that there was a street west of this lot, the eastern boundary of which it is seen is but a projection of the western boundary of the lot conveyed by the ancestor to Lord, and by the latter to Mrs. Harrington. This left outside of the western line of these lots a triangular piece of ground, a part of the land conveyed by the Smiths to the ancestor, which was about fifty feet wide at its southern end, resting on the Liberty road, and narrowing as it extended towards the New Orleans railroad depot. This strip of land the ancestor was proceeding to enclose and build upon when Harrington and wife instituted this suit to enjoin him from doing so, on the ground that by the deed made to Lord and declarations made when the lot was conveyed to Mrs. Harrington, this strip was dedicated as a street. The proof of the declaration of the ancestor at the time he sold the lot to Mrs. Harrington, that it abutted on the west on a street, was objected to on the ground that it was a different lot from that sold to Lord, in the deed for which it was declared that it abutted on the west on a street. There was no error in admitting this evidence.

The street declared in the deed to exist was but a continuation of the same street on which the ancestor declared that the lot last sold by him abutted on the street. This verbal declaration was admissible, as was that made in the deed to Lord.

As to there being a street on the west side of the lot Mrs Harrington bought from Lord, she could rely upon the declaration made by the ancestor in his deed to Lord, and in Lord's deed to her; and, as to the existence of this same street on the

west of the lot she bought directly from the ancestor, she could rely on his declarations made when she bought.

The fifth assignment of error is as follows: "The court erred especially in that portion of paragraph two of his charge, as follows: 'The deed calls for the southwest corner of the Smith five acre tract, and that point will govern unless you find from the evidence that Burnett and Lord actually fixed the beginning point elsewhere. In that event, the point as agreed upon will govern and be binding upon Harrington, if he bought from Lord according to the point so fixed by the parties, Burnett and Lord, and with notice of such point being so agreed on;' because Harrington was privy in estate with Lord, the grantor, and the qualification of the principle of estoppel by the use of the words: 'with notice of such point being agreed on,' relieved plaintiffs from the operation of the estoppel arising from the acts and agreements of Burnett and Lord in going on the ground and fixing the initial point and lines, and said Lord establishing and constructing his fences conformably thereto, and going into possession of said land so enclosed and occupying same, and subsequently selling a portion thereof so enclosed to plaintiffs, or to plaintiff Mary Harrington, which was fatal error, and prevented the jury from finding for defendants."

There is no controversy as to the land that passed by the two deeds made by the ancestor; all parties concede that this is fixed by the description given in the deed to Lord, placing the beginning corner at the point agreed upon by the ancestor and Lord. The controversy is as to whether appellants will be heard to assert that no street exists where their ancestor declared there was one, and whether they will be permitted to fence and use the ground which he declared was a street, and on the faith of which Lord and the appellees bought. The jury found that the lots were situated as they are placed by the descriptions given in the deeds, the beginning point in the deed from the ancestor to Lord being fixed as agreed upon between the parties at the time that deed was made, and no injury could have resulted from the charge complained of. The real issue was as to whether the land west of the western boundary of the lots thus located, which the defendants were attempting to inclose and use, and embraced in the Smith tract, was dedicated as a street, and the jury found this to be true upon evidence which justified the finding. The verdict was sufficiently certain, and the judgment follows it.

Some question was made as to whether the land claimed to be a street was embraced within the homestead of Burnett and wife at the time the deed to Lord was made by Burnett alone, but this question was fairly submitted to the jury, and their verdict, under the charge, necessarily involves a finding that it was not. This finding was justified by the evidence, and it therefore becomes necessary to inquire whether a husband alone could dedicate a part of a homestead to use as a street.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*