## BOLTON v. McSHANE.

1. **Appeal:** OBJECTION NOT RAISED BELOW. Where a judgment sustaining a demurrer to a petition was reversed in this court and the cause remanded, and defendant afterwards filed an answer in the court below, and plaintiff made no objection, but went to trial, and his petition was dismissed, *held* that he could not then be heard to claim in this court that the controversy was fully adjudicated by the ruling on the demurrer, and that further proceedings were error.

2. **Highways:** TITLE BY PRESCRIPTION. The mere use by the public for highway purposes of land supposed to lie along a section line, but which, by mistake, does not so lie, does not give title by prescription. In order to have that effect the use must correspond with the claim of right. (Compare *State v. Welpton,* 34 Iowa, 144.)

*Appeal from Linn District Court.*—HON. J. D. GIFFEN, Judge.

FILED, JANUARY 21, 1890.

ACTION to enjoin defendant, as road supervisor, from removing a certain fence. The defendant demurred to plaintiff's petition on the grounds that the facts stated did not entitle the plaintiff to the relief demanded. This demurrer being sustained, the plaintiff appealed; and on the appeal the ruling of the district court was reversed, and "the cause remanded for further proceedings in harmony with this opinion." *Bolton v. McShane,* 67 Iowa, 207. The case being remanded, the defendant answered, without objection, denying every material allegation of the petition, except that the plaintiff is the owner of the land described, and averring that the plaintiff is encroaching upon the public highway, and has been obstructing the same, as established. The case was submitted to the court, and judgment rendered dismissing plaintiff's petition, and for costs. Plaintiff appeals.

*Geo. W. Wilson,* for appellant.

*Davis & Voris,* for appellee.

GIVEN, J.—I. Appellant's first contention is that the controversy was fully adjudicated by the ruling on the demurrer. It does not appear from the record that the plaintiff made any objection in the district court to the defendant's answering, nor to going to trial upon the issues joined by the answer. This court has uniformly held, and in many cases, that an objection not made, or question not raised, in the court below cannot be considered on appeal.

1. APPEAL: objection not raised below.

II. The highway in question should be upon the line between sections 4 and 5 of Linn township; and the controversy is as to whether the corners of said sections are sixty-seven links east or sixty-seven links west

of the corner, between sections 32 and 33 of Brown township. If the corner between said sections 4 and 5 is sixty-seven links west of the corner between said sections 32 and 33, then the appellant's fence is in the public highway; but, if east, it is not. We think the decided weight of the testimony is in favor of the conclusion that the corner between 4 and 5 is west of the corner between 32 and 33, and, therefore, so find.

III. It appears, beyond question, that the track traveled, and which is outside of appellant's fence, has been used for public travel for more than twenty years. It is evident that all parties supposed the traveled road to be along the section line. This court has repeatedly held that, in case of mistake of land-owners as to the division line in their lands, the possessor holding the lands as a part of his tract, and believing it to be within his boundaries, is not protected by statute. *Grube v. Wells*, 34 Iowa, 148. In *State v. Welpton*, 34 Iowa 144, it was held "that this rule is applicable to the case of the public using a way supposed to be on a certain line, but which, through mistake, is not really upon it. The claim of the public is confined to the true line. The use, in order to draw the benefit of the statute, must correspond with the claim of right." The judgment of the district court is                                      AFFIRMED.

2. HIGHWAYS: title by prescription.