## J. E. ISHAM v. THE STATE.

### No. 3423.   Decided February 14, 1906.

**1.—Obstructing Public Road—Evidence—Hearsay.**

On trial for wilfully obstructing a public road it was error to permit a witness to testify that the road was a public road, he not having been present and knowing nothing of the establishment of the same of his own knowledge. This was not the best evidence and the same was hearsay.

**2.—Same—Fact Case—Willfull Obstruction.**

See opinion for evidence held insufficient to sustain a conviction for wilfully obstructing a public road.

**3.—Same—Requested Charge—Boundaries of Road—Report of Jury of Review.**

On a trial for wilfully obstructing a public road, it was error not to submit defendant's requested charge instructing the jury that the jury of review must report the boundaries of the road as laid out and that the field notes and description of the road must be included in such report, etc., and that unless the State showed that this was done the testimony would not sustain a conviction.

Appeal from the County Court of Rains.   Tried below before Hon. J. W. Pierson.

Appeal from a conviction of wilfully obstructing a public road; penalty, a fine of $25.

The opinion states the case.

No brief of the appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.—Dyerle v. State, 5 Texas Ct. Rep., 380; Hatfield v. State, 4 Texas Ct. Rep., 445; McMillan v. State, 8 Texas Ct. Rep., 872.

DAVIDSON, PRESIDING JUDGE.—This conviction was for obstructing and injuring an alleged public road.   The State offered to prove by Herriage, that the road defendant was charged to have obstructed, was a public road.   This witness testified he was not present and knew nothing of the establishment of the same of his own knowledge, but was then permitted to testify that the road defendant is charged with having obstructed was a public road at the time defendant is charged to have obstructed it.   Objection was urged to this, because there was better evidence, and the testimony is hearsay.   We believe this testimony should have been excluded.   The evidence for the State by this witness Herriage, shows that the road was a public road, which he only knew from hearsay, as well as the further fact as to where the road was located.   He testified that the road was impassable for vehicles at the time appellant should have obstructed it; that he did not know where the lines between Isham and Brown's premises were, and did not know whether this road was on the line or not.   Harbison testified, that he notified defendant orally the day before laying out the road by the reviewers, of the fact that they would lay it out.   He testified that appellant stated to him that he did not care particularly where it was located, and consented for the bridge to be constructed where they placed it, and that he consented the road should be laid out as a public road.   He states that no written notice was given appellant, and that the fence built by appellant was erected along the middle of this road for about one hundred yards.   He also states that for a time after defendant obstructed the road, it was impassible for travelers, except horsemen.   Morehead also testified for the State that the fence

complained of is in the roadway as traveled. Before the heavy rains washed the bridge away and left the road impassable for vehicles, but the public now used the road with vehicles, and it is passable notwithstanding the fence of defendant. This witness was one of the reviewers who laid out the road; that the road as now traveled, is the road laid out by the reviewers, and appellant's fence is from ten to fifteen feet back from his land line, and on his own land at the place alleged to be obstructed. The application was for a second class road. The report of the reviewers fails to describe any road by metes and bounds; and fails to allow any damages to appellant. It does allow $15 to Brown. Appellant proved by his son that he heard the conversation between his father and Harbison, and that his father did not consent to the establishment of the public road, but of a neighborhood road. Appellant himself testified that he consented that a neighborhood road might be established; that he was not served with notice, either written or verbal of the fact, that the jury of review had been appointed and would meet to survey and lay out a public road at any time or place through or near his premises. He states that Ingram and Mrs. Brown told him they were going to try to run a public road somewhere about his premises; that where he built his fence is not in the roadway; that when he built his fence the roadway was impassable on account of the water having washed the road, and that he had no intention of interfering with the rights of the public, or of obstructing any road. He denied making the declarations to which Harbison testified, but that he consented for the neighbors to have a passway, where the road is now located, if located at all, and that he would give twelve feet for such purpose. He says he is positive that nobody gave him a written notice, and that no member of the jury of review ever gave him any verbal notice of a meeting of that body for laying out a road; and that he never consented for a public road to be established where it is said to be located. This is a substantial statement of the facts .

The application appears to have been made November 9, 1905, at least such is the date the order recites that the application came on to be heard. The report of the jury of review was made on February 9, 1904. These discrepancies are not explained in any way.

The court charged the jury, among other things, "A public road is established by the commissioners court, acting upon a petition duly presented to said court. Whereupon a jury of review is appointed by said court to review and lay out said road; and it is the duty of said jury of review to go over said line of contemplated road and establish the same." Among others, appellant requested this charge, in substance, that when the petition is granted by the court, the commissioners court shall appoint a jury of five free-holders to review and lay out the road, and report to said court under oath; and that it is necessary for said report to contain the boundaries of the road as laid out, and that the field notes of such survey or description of the road, shall be included in the report of the jury; and if adopted, it shall be recorded in the

minutes. And if the State fails to show that this was done, the testimony would not sustain the verdict. We believe the court should have given the requested instruction. The statute makes it necessary to lay out the road, and in the report of the jury of review to describe the road by metes and bounds. We are of opinion that, under the facts stated, the evidence is not sufficient to convict. It does not meet that requirement of the law which is, that the obstruction must be willfully made. The judgment is reversed and the cause remanded.

*Reversed and remanded.*