### J. H. FARR v. THE STATE.

No. 4384. Decided February 10, 1909

**Obstructing Public Road—Insufficiency of the Evidence.**

Where upon trial for obstructing a public road, the evidence showed that said public road was not laid out at the point designated as having been obstructed by the defendant, but the public were only authorized to use this with the consent of the defendant until such time as he saw proper to inclose his land; and that this inclosure in no wise interfered with the public road as laid out by the court, the conviction could not be sustained. Following Isham v. State, 49 Texas Crim Rep., 324.

Appeal from the County Court of Somerville. Tried below before the Hon. R. L. Bryan.

Appeal from a conviction of unlawfully obstructing a public road; penalty a fine of $1.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with obstructing a public road.

The facts show that the property belonged to the father of appellant, and that he, at his father's request, aided by his father's presence at the time and place, placed a wire fence across the road said to be obstructed. This road had been used by the public for some years and had been worked by an overseer and hands. The record discloses and in fact the report of the jury of review and the minutes of the commissioners court show that about 1898 there was a road laid out, the field notes of which are given, surveys called for as boundary lines and the location of the road is definitely stated in the report of the jury of review as well as recorded in the minutes of the commissioners court. This report as well as the minutes of the commissioners court call for a line running along the line of appellant's father's land, to a certain corner, and thence down his line after turning or passing that corner. About this there is no controversy. The country immediately at the corner of the land and over which the line of road was surveyed and laid out was a little rough. Appellant's father informed the jury of review or consented that the road might run across his land near this corner until such time as he desired to enclose it, and that with his consent the public traveled across this corner of the land, cutting off about ten or more acres from the main body of his farm. Finally, he concluded to use this land and enclose it and by this means the road was obstructed. He had employed one Adams to enclose the land lying beyond the road from his farm. Adams declined, however, to run the fence across the road. Therefore, appellant and his father went to the place where the road ran across the land and put a wire fence across it, thus connecting the fence that Adams had built with that on the opposite side of the road. This constituted the obstruction which forms the basis for this prosecution.

There are several questions presented for revision. Under the view we take of the case, however, we deem it unnecessary to discuss any of the leading questions, because the evidence as presented in the record is not sufficient to justify the conviction. The public road was not laid out at the point designated as having been obstructed and the public were only authorized to use this with the consent of appellant until such time as he saw proper to enclose his land. This enclosure or obstruction in nowise interfered with the road as laid out by the jury of review and adopted by the commissioners court. The road was run simply by permission of the owner. The road as laid out by the jury of review and adopted by the commissioners court is shown conclusively not to have been interfered with in any manner. We are of opinion that under these facts the law has not been violated and the judgment should not have been rendered. See Isham v.

State, 49 Texas Crim. Rep., 324; Farrier v. State, 113 S. W. Rep., 763; Day v. State, 14 Texas Crim. App., 26.

For the above reasons the judgment is reversed and the cause is remanded.

*Reversed and remanded.*