### ARNOLD v. EVANS.†

(Court of Civil Appeals of Texas. Dallas. Oct. 28, 1911. Rehearing Denied Nov. 11, 1911.)

ADVERSE POSSESSION (§ 65*)—ACTS CONSTITUTING—MISTAKE.

One took possession of a lot inclosed by a fence which included a strip belonging to the adjacent owner, believing that he took possession of his own land. He continued in possession for 10 years, claiming the property as his own and living on it with his family. About a year after he took possession, he had the lot surveyed by a surveyor, and a new fence stood on the line indicated by sticks set by the surveyor to mark the line. *Held*, that he acquired title to the strip by adverse possession, as against the objection that his possession was by mistake.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 365–370; Dec. Dig. § 65.*]

Appeal from District Court Dallas County; Kenneth Foree, Judge.

Action by W. M. Arnold against W. D. Evans. From a judgment for defendant, plaintiff appeals. Affirmed.

Morris & Pope, for appellant. John W. George, for appellee.

RAINEY, C. J. This is a boundary suit to determine the line between lots 17 and 18 in the city of Dallas. Appellant claims lot

18, and alleges, in effect, that appellee has taken possession of a strip running the full length of the line, being 2.8 feet wide at the front end and 3.5 feet at the back end. Appellee pleaded the general issue and the 10-year statute of limitation. The case was tried by the court without a jury and a judgment rendered in favor of appellee, .from which this appeal is prosecuted.

The trial court found that appellee had acquired title to the strip by virtue of the 10-year statute of limitation, and rendered judgment accordingly. Appellant attacks this finding and contends that the possession of the strip by appellee was by mistake, that he did not intend to claim any part of lot 18, and therefore his possession was not adverse. We do not concur in this contention. The evidence sufficiently shows that the lots adjoin; lot 18 lying to the north of lot 17. Appellee took possession of lot 17 on June 1, 1900. The lot was fenced when he took possession of it, and he entered believing he was taking possession of his land, which he continued to possess from that time until the bringing of this suit, July, 1910, claiming the same as his own, and living on it with his family. He had the lot surveyed by Surveyor Brown about nine years ago, and the fence as it now stands is on the line indicated by the sticks set by Brown at that time to mark the line. The old fence was a little "bit" north of where his fence is now located. Appellee has since his entry claimed the lot as now fenced. It is true that appellee says he only claimed lot 17, paid taxes on it, and is not now undertaking to claim anything but lot No. 17. But his claim is that the part he has inclosed is No. 17, and that it does not include any of No. 18.

Our courts have uniformly held that, when one party in fencing a tract of land by mistake fences a small fraction of a large tract owned by another and holds for 10 years, limitation would apply only to the part inclosed, but would not include the land not inclosed. This rule has no application to the facts of this case. There is no land outside of that inclosed attempted to be held. Appellee is only claiming what he has inclosed, and that so inclosed he has fully met the requirements of the statute of 10 years limitation, which vests in him the title to said strip. Bartine v. McElroy, 123 S. W. 1175.

The judgment is affirmed