### B. A. RUST v. THE STATE.

#### No. 2569. Decided June 25, 1913.

**1.—Obstructing Public Road—Title by Limitation—Possession.**

Where, upon trial of obstructing a public road, there was evidence by the State of a title by limitation, but defendant's evidence showed that the possession of said road by the county was not adverse, this issue should have been submitted to the jury. Following Farr v. State, 55 Texas Crim. Rep., 271.

**2.—Same—Consent—Commissioner.**

Where, upon trial of obstructing a public road, the defendant claimed that one of the County Commissioners authorized him to fence the said road which, however, the said commissioner denied and defendant requested a charge submitting this issue to the jury, which was refused by the court, the same was reversible error.

**3.—Same—Evidence—Order of Commissioners Court—Parol Testimony.**

Where, upon trial of obstructing a public road, the State introduced the order of the Commissioners Court adopting the report of the jury of view it was error to permit the State by parol testimony to show that said report was not correct in its calls.

Appeal from the County Court of Red River. Tried below before the Hon. George Morrison.

Appeal from a conviction of obstructing a public road; penalty, a fine of $50.

The opinion states the case.

*Chambers & Black,* for appellant.—On question that report of jury

of view can not be attacked by oral testimony: Isham v. State, 49 Texas Crim. Rep., 324, 92 S. W. Rep., 808; Hatfield v. State, 67 S. W. Rep., 110.

On question that road must be designated by boundaries and its locus fixed: Ehilers et al. v. State, 69 S. W. Rep., 148; Hatfield v. State, supra.

On question of refusing defendant's special charges: Craighead v. State, 55 Texas Crim. Rep., 339, 116 S. W. Rep., 579.

On question of insufficiency of the evidence: Farr v. State, 55 Texas Crim. Rep., 271, 116 S. W. Rep., 570; Owen v. State, 5 S. W. Rep., 830, and cases supra.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of obstructing a public road, and from such conviction prosecutes this appeal.

The report of the jury of view and the order of the Commissioners Court, adopted in 1898, show that the Clarksville and Stephenson's Ferry road would run with the north and east line of the N. G. Benton survey. The road, as originally used and worked from 1878 down to the present time, ran diagonally across this survey. If the State has title to this road as used, it is by limitation, and not by order of condemnation, nor order of the Commissioners Court. We, think the evidence offered in behalf of the State would disclose title by limitation, as it is shown that overseers have been appointed for this road for every year from 1878 down to the time of this trial, but while the evidence offered in behalf of the State would support such a finding, yet, the evidence offered in behalf of appellant would tend to show that an old road was on the land as it now runs prior to the time a road was laid out by the jury of view; that the owner of this survey was a member of the jury of view, and while the lines of the road as run out called for the north and east lines, yet that Mr. Upchurch told the other members of the jury of view that the public might continue to use the road running diagonally across the survey until he should choose to fence the survey. If this fact be true, the use of the road would not be adverse to Mr. Upchurch's title to the land, and this issue should have been submitted to the jury. Farr v. State, 55 Texas Crim. Rep., 271.

Again, appellant and Jim Law testify that they went to the county commissioner of that precinct, and asked him about the boundaries of this road, stating that they understood it in fact called for the lines of the survey, and they desired to know if that was true; that the county commissioner told them he did not know, but would examine the record and see. That he reported to them later and told them he could find no record, and the county commissioner then authorized them to fence the road on the line, which they did do. The county commissioner denies authorizing them to do so, but this presented an issue of fact to be determined by the jury, and as this act is charged to have been "wilfully" done, taking the testimony of appellant and Law as true, they

would have hardly also found that the act was done with evil intent, and with legal malice. While, as stated before, the evidence offered in behalf of the State was ample to authorize the jury to find that the county commissioner made no such statement to appellant, and there was ample evidence to sustain that the act was wilfully done, yet such testimony raised an issue of fact. A special charge was requested in regard thereto, and the court erred in not properly submitting that issue to the jury.

Again, after the State had introduced in evidence the petition for the road, the report of the jury of view, and the order of the Commissioners Court, adopting the report, it permitted one member of the jury to testify that the report was not correct in calling for the north and east lines of the survey, but that in fact they surveyed and adopted the road diagonally across the survey as the road at present runs. The report of the jury of view which was sworn to in 1898, and adopted by an order of the Commissioners Court, could not be varied by parol testimony. There are a number of other matters presented by the record, but the above three bills are the only bills that present error, but on account of them, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*