**MOORE v. McLENNAN COUNTY et al.***
**(No. 290.)**

(Court of Civil Appeals of Texas. Waco. Nov. 26, 1925. Rehearing Denied Dec. 24, 1925.)

1. **Evidence** ⬅➡269(2)—**Statements of one since deceased held admissible, in view of his actions in connection therewith.**

Where statements of one since deceased as to his intention and purpose in changing public road were accompanied by acts of actually closing part of old road and constructing new roadway, such statements were admissible to show his intention to dedicate such new roadway.

2. **Dedication** ⬅➡44, 45—**May be shown by circumstances; circumstances may be such as to establish dedication as matter of law.**

A dedication may be shown by circumstances, and such circumstances may be such as to establish dedication as a matter of law.

3. **Dedication** ⬅➡44—**Facts held to show owner intended to dedicate lane as part of public road.**

That owner applied to commissioners' court to change public road, closed old road, and set fences back, creating lane along south line of his property connecting with public road, *held* to conclusively show that he intended to dedicate such lane as part of public road.

4. **Appeal and error** ⬅➡930(3)—**Presumed that trial court found on issue, raised by evidence but not submitted, favorable to appellee.**

In suit involving title to lane, where special issue as to plaintiff's predecessor's right to dedicate lane as public road was not submitted or requested, though evidence was sufficient to raise it, *held* that, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, appellate court must presume that trial court found on such issue favorable to appellee.

5. **Appeal and error** ⬅➡1062(1)—**Error, if any, in special issue, held harmless, in view of undisputed evidence.**

Error, if any, in submission of special issue as to whether county ever accepted dedication of roadway, which permitted jury to base affirmative answer on action of commissioners' court in having certain obstructions removed, *held* harmless, where it was shown without dispute that county worked such roadway and compelled another to remove obstructions therefrom.

6. **Highways** ⬅➡6(1)—**County held to have acquired prescriptive right to lane used as public road for more than 10 years.**

Where lane was opened up as part of public road, and for more than 10 years county and public generally had continuous, uninterrupted use of such lane as public road, *held* that county acquired prescriptive right to such lane.

7. **Appeal and error** ⬅➡930(3)—**Presumed that trial court found in appellee's favor on ground for which there is sufficient evidence to support it.**

Where question whether county acquired prescriptive right to roadway was raised by pleadings but not submitted to jury, *held* that, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, there being sufficient evidence to show that county was entitled to recover on ground of prescription, it will be presumed on appeal from judgment for county that trial court so found.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Action by Joe Moore against McLennan County and others. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 275 S. W. 478.

Nat Harris, of Waco, for appellant.

C. S. Farmer and W. J. Holt, both of Waco, for appellees.

STANFORD, J. There is involved in this suit a strip of land 40 feet wide and 185 varas, more or less, long, off of the south end

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction February 17, 1926.

of what is known as the Joe Moore 5-acre tract; appellant, Joe Moore, claiming to be the owner of said strip of land by virtue of his purchase of said 5-acre tract from R. L. Crawford by warranty deed dated October 12, 1923. Said strip of land is between the Beaty tract on the south and the Joe Moore 5-acre tract on the north, and, at the time appellant bought his tract, said strip was a lane between said two tracts; that is, there was a fence on the north line of the Beaty tract and the south line of said strip its entire length, and there had been a fence along the north line of said strip or south line of the Joe Moore tract its entire length. A part of this line of fence was down, and probably a part of it had been removed. This lane or roadway was a part of the Lindsey Hollow public road, which intersected what is known as the Waco-Bosqueville or China Springs public road. At least this lane or roadway was a necessary connecting link between the Lindsey Hollow public road and said Waco-Bosqueville or China Springs road. Appellant, after purchasing, as he testified, five and a fraction acres, had same surveyed, and found that said roadway was required, as he said, to make the full amount he had purchased, so he placed a wire fence and other obstructions across said roadway; whereupon the commissioners' court of McLennan county notified appellant that said roadway was a public road, and for him to remove same, and, upon appellant's failure to do so, the sheriff, under orders from said court, proceeded to remove such obstructions; whereupon appellant brought this suit against McLennan county, the county judge, the commissioners' court, and the sheriff of said county, for the title and possession of said land, and to enjoin all of said defendants from interfering with his possession of same.

The court submitted the case to the jury upon two special issues, and in answer to same the jury found: (1) That M. H. Standifer left the strip of land in controversy open for the purpose and with the intention upon his part that the same should be used by the county of McLennan as a passageway for people to go in and out over the same; (2) that the county of McLennan, either at that time, or at some subsequent time, accepted said strip of land and recognized the same as a passageway for the purpose of going in and out over said passageway. Upon these findings, and such other findings as the court was authorized to make from the evidence, the trial court rendered judgment awarding said strip of land or roadway to appellee McLennan county as a part of a public road.

## Opinion.

The record discloses without any dispute that, up to and including 1908, what is now known as the Joe Moore 5-acre tract was a part of a 20-acre tract known as the M. H. Standifer tract—some of the witnesses testifying that M. H. Standifer owned said land, and others testifying that his wife and two others owned said land, but all testifying that he had the management and control of said entire 20-acre tract; that up to and prior to 1908, the Lindsey Hollow road was a public road extending from a point southeast of what is now appellant's 5 acres, and opening out into the Waco and Bosqueville or China Springs road; that said Lindsey Hollow road had been used by the public generally as such public road for 40 years or more prior to 1908; that said public road entered what was then known as the M. H. Standifer 20-acre tract at its southeast corner, and at what is now known as the Joe Moore 5-acre tract at its southeast corner, and passed in a northwesterly direction diagonally across said land; that in 1908 M. H. Standifer, who had the control and management of said 20-acre tract, desired to fence said 20 acres, but he could not close said public road, and, in order to fence said 20 acres in one body, he conferred with others who used the Lindsey Hollow road to get out to the Waco and Bosqueville road, and made with them what some of the witnesses termed "a gentlemen's agreement" (that is, he would leave 40 feet along the south line of said 20-acre tract for the extension of the Lindsey Hollow road, so that, instead of the Lindsey Hollow road running from the southeast corner of said 20 acres and from the southeast corner of what is now the Joe Moore 5 acres, diagonally across said land to the public road, same would continue along the south line of said 20 acres and also said 5-acre tract to said public road. Said agreement was reported to the commissioners' court and by them approved, but no order was entered evidencing their approval. M. H. Standifer fenced said 20 acres, thereby closing that part of the Lindsey Hollow road extending diagonally across said land, and along the south, and built his fence 40 feet north of his south line, thus, with the fence along the north line of the Beaty land just south, making a lane 40 feet wide for a roadway and being a continuation of the Lindsey Hollow road to an intersection of the Waco and Bosqueville road. This lane as a part of Lindsey Hollow road has been used by the public from 1908 up to the present. The record discloses further that at the time of the trial of this case M. H. Standifer was deceased.

[1] Appellant, in several assignments, complains of the evidence of Buchanan and of Guyton as to what M. H. Standifer said to them or in their presence as to his intention and purpose in changing the Lindsey Hollow road and in constructing the 40-foot lane for said road along his south line, etc. The said M. H. Standifer being deceased, and his said statements being accompanied by his acts of

actually closing a part of the old road and constructing the same along his south line for the new roadway, said statements, we think, were admissible to show his intention to dedicate said lane to the public as a part of the Lindsey Hollow public road. Burnett v. Harrington et ux., 70 Tex. 213, 7 S. W. 812.

[2, 3] However, we regard this question as unimportant, in that the fact that M. H. Standifer applied to the commissioners' court to make said change in the Lindsey Hollow road, and that he did in fact close the part of said road running diagonally across said 20 acres of land, and the fact that in fencing same he set his fence back 40 feet north of his south line across the entire south end of said tract, thereby creating a lane 40 feet wide along his south line, thereby permitting the Lindsey Hollow road to continue in a straight line from his southeast corner through said lane to the Waco and Bosqueville road. These facts show conclusively that M. H. Standifer did intend to dedicate said roadway through said lane as a part of the Lindsey Hollow public road, and the court would have been fully justified in so holding, even in the absence of the statements of intention by M. H. Standifer. A dedication may be shown by circumstances, and such circumstances may be such as to establish dedication as a matter of law. Oswald v. Grenet, 22 Tex. 94; Wolf v. Brass, 72 Tex. 133, 12 S. W. 160. We overrule the above assignments.

[4] By other assignments, appellant contends that M. H. Standifer had no right to dedicate said 40 feet through said lane as a roadway. There was no issue submitting this issue to the jury, and none requested by either appellant or appellee. The evidence was sufficient to raise this issue, and we think the evidence, considering all the circumstances, was ample to show that M. H, Standifer did have such right, and, such issue not having been submitted nor its submission requested, it is our duty to presume that the trial court found on said issue favorably to appellee and in support of the judgment rendered by him. Article 1985, Vernon's Sayles' Civil Statutes; Perrow v. S. A. & A. P. Ry. Co. (Tex. Civ. App.) 178 S. W. 973. We overrule the above assignments.

[5-7] By other assignments, appellant complains of the court's submission of the special issue as to whether appellee McLennan county ever accepted the dedication of said roadway, if made; said objection complaining especially upon the ground that, as framed, said charge permitted the jury to base an affirmative answer upon the action of the commissioners' court in having certain obstructions removed from said roadway about the time this suit was filed. We do not think the charge is subject to the criticism made, but, if it was erroneous in the respects complained of, it was harmless, for the record discloses, without dispute, that, after said dedication and long prior to the filing of this suit, McLennan county worked said roadway, and that said county compelled one Crawford to remove obstructions from said roadway. The record discloses further that in 1908 the roadway in question was opened up as a part of the Lindsey Hollow public road, as an outlet to the Waco-Bosqueville road, and that, for more than 10 years prior to the filing of this suit, the appellee McLennan county and the public generally have had the continuous, uninterrupted, adverse use and enjoyment of said roadway as a public road; and we think, in any event, appellee acquired a prescriptive right to said roadway. This question was raised by the pleading of appellee, but was not submitted nor its submission requested by either side, so, there being evidence sufficient to show that, if appellees were not entitled to recover upon the ground of dedication for any reason, then they were entitled to recover on the ground of prescription, it will be presumed the trial court so found. Article 1985, Vernon's Sayles' Statutes; Perrow v. S. A. & A. P. Ry. Co. (Tex. Civ. App.) 178 S. W. 973.

Finding no error in the record, we affirm the judgment of the trial court.

BARCUS, J., not sitting.