**ALEXANDER et ux. v. SCHLEICHER COUNTY. (No. 7064.)***

(Court of Civil Appeals of Texas. Austin. Jan. 19, 1927. Rehearing Denied Feb. 2, 1927.)

1. Easements ⬤⟾7(4)—Limitation statutes as such do not apply to easements, but 10-year limitation period is applied by analogy.

Statutes of limitation, as such, do not apply to easements, but by analogy courts have adopted the longest statutory period of limitation, 10 years, as the prescriptive period.

2. Easements ⬤⟾5—Continuous adverse user for requisite period establishes easement by prescription.

Where evidence shows necessary elements of continuous adverse possession and use of easement for requisite period, right of easement is established as matter of law.

3. Highways ⬤⟾7(1)—That county laid out highway under mistake as to boundaries held not to destroy adverse character of its possession and use.

That county which purchased right of way for highway, under mistaken belief that fence constituted line fence, made mistake in laying out highway, did not destroy adverse character of its possession and use so as to prevent it from acquiring prescriptive title by 10 years' adverse possession and use.

Appeal from District Court, Schleicher County; J. F. Sutton, Judge.

Action by J. R. Alexander and wife against Schleicher County. Judgment for defendant, and plaintiffs appeal. Affirmed.

Collins, Jackson & Sedberry, of San Angelo, for appellants.

J. A. Thomas, of San Angelo, for appellee.

McCLENDON, C. J. Appeal from final judgment denying appellants an injunction to restrain appellee "from maintaining a public road over their lands." Appellee recovered under a plea asserting a prescriptive right to a public road easement over the land in controversy. The cause was tried to the court without a jury, and the only question involved in the appeal is the sufficiency of the evidence to sustain the judgment.

The facts, which are without material conflict in the evidence, follow:

Appellants owned the south half of section 18, block 1, Galveston, Harrisburg & San Antonio Railway Company, in Schleicher county, having purchased it on January 14, 1914, from Bob Cozby and wife. The north half of the survey was owned by Montgomery.

In 1911 the commissioners' court ordered a road laid out along the north lines of section 18 and of section 14 immediately to the west. On account of some dissatisfaction, this designation was changed to one along the north line of the south half of section 18

and the division line of the north half of sections 18 and 14. To effectuate this change the county, on June 1, 1911, purchased from Montgomery a 20-foot strip along the west line, and a 40-foot strip along the south line, of the north half of section 18, and directed the road supervisor to establish the road accordingly. The supervisor did not attempt to follow his instructions with reference to the portion of the road along the east line of section 14, but laid out the road diagonally across section 14 from the south-west corner of the north half of section 18. He did, however, attempt to follow instructions in establishing the road along the south line of the north half of the section 18 in accordance with the Montgomery deed to the county, but by mistake included in the road a strip off the south half of section 18 then belonging to Cozby. This mistake occurred through assumption on the supervisor's part that an old fence very near the line in question was in fact a line fence. The road thus laid out was graded, has been worked continuously during each year since 1911 by the county, and has been during that period continuously used by the public as a public road. Cozby himself, while still owner of the land, was employed by the county in some of the work on the road. In 1924 that portion of the road running diagonally across section 14 was changed so as to conform to the Montgomery deed along the division lines of sections 18 and 14. In no other respect has there been a change in the road since originally laid out in 1911. The error establishing the road along the south line of the north half of section 18, so as to include a strip in the south half of that section, was not discovered by any of the affected parties until disclosed by survey which appellants had made in 1924 or 1925.

Appellants' contentions may be briefly summarized in two propositions, as follows:

(1) The prescriptive right to an easement for public road purposes rests in the presumption of a grant, a dedication, or condemnation, the evidence of which has been lost; but this is a rebuttable presumption of fact, and where, as here, the evidence negatives the actual existence of such grant, dedication, or condemnation, the prescriptive right fails.

(2) The possession of the county as to the land not included in the Montgomery deed was not adverse to the owners thereof, because there was no intention on the county's part to take possession of, or to claim, any lands other than those conveyed by Montgomery.

[1] Our statutes of limitation, as such, do not apply to easements; but by analogy the courts have adopted the longest statutory period of limitation, 10 years, as the prescriptive right period.

[2] It is true that the prescriptive right was originally held to rest upon the presumption of a lost deed or grant, and, as such, was a rebuttable presumption of fact. But, to quote from 19 Corpus Juris, p. 874:

"Except in a few states, the rule in the United States, subject to the limitation that, where the origin of the easement is known, a lost grant is not to be presumed, is well settled in analogy to the statute of limitations which applies only to corporeal hereditaments that the enjoyment of an incorporeal hereditament, exclusive and uninterrupted for a time sufficient to acquire title to the soil by adverse possession, affords a conclusive presumption of a grant to be applied as a presumptio juris et de jure; and title so acquired is as effective and complete as one obtained by grant. As applied to incorporeal rights, this method of acquiring title is still denominated prescription, since only corporeal property can be acquired by direct operation of the statute of limitations, or what is generally termed adverse possession."

A careful reading of the adjudicated cases will, we believe, demonstrate that the rule thus announced is recognized and applied in this state, and, where the evidence shows the necessary elements of continuous adverse possession and use, for the requisite period the right is established, and the presumption upon which it was aforetime held to rest, becomes one of law. See Railway v. Wilson, 83 Tex. 153, 18 S. W. 325; Austin v. Hall, 93 Tex. 591, 57 S. W. 563; Railway v. Baudat, 21 Tex. Civ. App. 236, 51 S. W. 541 (writ of error denied); Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874; School Trustees v. Railway (Tex. Civ. App.) 67 S. W. 147; Fin & Feather Club v. Thomas (Tex. Civ. App.) 138 S. W. 151; Money v. Aiken (Tex. Civ. App.) 256 S. W. 641; Moore v. McLennan County (Tex. Civ. App.) 278 S. W. 341.

The authorities upon which appellants rely in this regard (Taylor v. Watkins, 26 Tex. 688; Manchaca v. Field, 62 Tex. 135; Walker v. Caradine, 78 Tex. 489, 15 S. W. 31; Railway v. Wilson, 83 Tex. 153, 18 S. W. 325; Railway v. Uribe, 85 Tex. 386, 20 S. W. 153; Herndon v. Vick, 89 Tex. 469, 35 S. W. 141; and Herndon v. Burnett, 21 Tex. Civ. App. 25, 50 S. W. 581), are, with the exception of Railway v. Wilson, cases in which title was sought to be established, not by prescription, but through a lost deed or grant by presumption of its existence from circumstances. There the very fact to be established upon which to rest title was the existence of some deed or grant. Where the proof relied upon to establish such fact was that of presumption deducible from facts and circumstances, including or not undisturbed possession for a long time, it is manifest that such presumption is one of fact and rebuttable.

The decision in Railway v. Wilson is rested upon the holding that the possession was not adverse, because the railway company took and held possession under circumstances, testified to by one of its directors, as follows:

" 'That John Koop (the owner of the land at the time) lived in Houston, but was away from the city, he thinks, when the road was built. We went on the land and have never paid for the right of way. We expected and intended to pay for it when called upon at any time by the owner.' "

[3] Nor do we think the fact that the highway was established across a portion of the south half of section 18 under the mistaken belief that the old fence was the south line of the north half of that survey destroys the adverse character of the possession and use of that portion of the road by the county and public. In some states such possession and user are held not to be adverse. See Bolton v. McShane, 79 Iowa, 26, 44 N. W. 211. But, as pointed out in the well-considered Nebraska case of Brandt v. Olson, 79 Neb. 617, 114 N. W. 587, the rule announced by those courts was the same as that which they applied under limitation statutes of those states. A different rule as regards limitation was in force in Nebraska, and by analogy the court applied that rule to the prescriptive right. The Nebraska case is on all fours as to its facts with the case at bar. The court says:

"It is a well-established rule of this court that, as between individuals, possession may be adverse, though the claimant occupies under a mistaken belief that the true boundary is different than it really is. This rule is applicable to questions of disputed boundaries of public highways, and the defendant had the right to remove the fence posts which plaintiff placed in this highway."

The Texas courts have applied to private individuals the rule as to limitation announced in the last quotation. Bruce v. Washington, 80 Tex. 368, 15 S. W. 1104; Jayne v. Hanna (Tex. Civ. App.) 51 S. W. 296; Gholston v. Cook (Tex. Civ. App.) 254 S. W. 255; Daughtrey v. Land Co. (Tex. Civ. App.) 61 S. W. 947; Arnold v. Evans (Tex. Civ. App.) 140 S. W. 497; Shaw v. Moody (Tex. Civ. App.) 274 S. W. 1021.

The Court of Criminal Appeals has adopted the same rule with reference to public roads claimed under the prescriptive right. Rust v. State, 71 Tex. Cr. R. 283, 158 S. W. 519.

The only fact relied upon to show that the possession was not hostile was that the county acquired title to a strip in the north half of the survey, and by mistake the road was laid out over a portion of the south half. The uninterrupted possession, use, and exercise of dominion, by grading and working the road, for the period of 10 years, was sufficient to establish a claim adverse and hostile to the true owner.

The trial court's judgment is affirmed.

Affirmed.