

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 11, 1968

Honorable Clyde E. Smith, Jr.          Opinion No. M-192
County Attorney
Tyler County Courthouse                Re: Whether Tyler County or
Woodville, Texas 75979                     the utility company must
                                           bear the expense of re-
                                           locating poles and other
                                           facilities of the utility
                                           company incident to the
Dear Mr. Smith:                            widening of a public road.

        In your request for opinion of this office you present
the following questions which are restated as follows:

        1.  Is the utility company or the county responsible
        for the cost of relocating poles and other facilities
        of the utility company necessitated by the widening
        of a county road if such poles and facilities are
        located on the road right-of-way in an area covered
        by a written and recorded easement obtained by the
        utility company from an adjoining property owner sub-
        sequent to the public acquiring the existing road
        right-of-way by prescription?

        2.  Does long use of a portion of such a road right-
        of-way, previously acquired by the public by pres-
        cription, under such recorded easement give the
        utility company prescriptive rights to that portion
        of the road right-of-way actually used by them for
        poles and other facilities?

        In regard to these questions, you advise that subsequent
to the public acquiring the right-of-way in question by prescription,
adjoining property owners gave written easements to a utility company
for the erection of poles and other facilities within the limits of
the prescriptive road right-of-way and that these utility line ease-
ments have been on record for a number of years and that the poles
and other facilities were erected a number of years ago within the
limits of the prescriptive road right-of-way. This opinion is based
upon such stated facts, assuming the same to be as stated and this

office has made no investigation or finding as to such prescriptive rights.

As to such poles and other facilities located within the rights-of-way of public roads, Article 1436a, Vernon's Civil Statutes provides, in part, as follows:

> ". . .The public agency having jurisdiction or control of a highway or county road, that is, the Highway Commission or the Commissioners Court, as the case may be, may require any such corporation, at its own expense, to re-locate its lines on a State highway or county road outside the limits of an incorporated city or town, so as to permit the widening of the right-of-way, changing of traffic lanes, improvement of the road bed, or improvement of drainage ditches located on such right-of-way by giving thirty (30) days written notice to such corporation and specifying the line or lines to be moved, and indicating the place on the new right-of-way where such line or lines may be placed.
> . . ."

A person owning property encumbered by a prescriptive easement conveys or transfers any interest in the same subject to such encumbrance. A purchaser of property subject to an easement that is openly used is charged with knowledge of the existence of the easement. Miles v. Bodenheim, 193 S.W. 693 (Tex.Civ.App. 1917, err.ref.) The sight of structures or other visable objects such as roads, wires or poles connected with or on land may reasonably suggest the existence of an easement. Markley v. Christian, 226 S.W. 150 (Tex.Civ.App. 1920, dism. w.o.j.)

It is the opinion of this office that a utility company purchasing an easement upon an area lying within a prescriptive road right-of-way would do so with notice of the public easement and would take such easement subject to such encumbrance, which in turn would render the relocation of the poles and other facilities, necessitated by the widening of the right-of-way, subject to the terms of Article 1436a.

It is, therefore, the opinion of this office that the utility company and not the county, under such circumstances, would be responsible for the costs of relocating such poles and other facilities.

Article 5517, Vernon's Civil Statutes, provides as follows:

Hon. Clyde E. Smith, Jr., page 3 (M-192)

"The right of the State, all counties, incor-
porated cities and all school districts shall not
be barred by any of the provisions of this Title,
nor shall any person ever acquire, by occupancy or
adverse possession, any right or title to any part
or portion of any road, street, alley, sidewalk,
or grounds which belong to any town, city, or county,
or which have been donated or dedicated for public
use to any such town, city, or county by the owner
thereof, or which have been laid out or dedicated
in any manner to public use in any town, city, or
county in this State."

The rights of the public in a prescriptive road ease-
ment rest on adverse, continuous, and uninterrupted use, which
will raise a presumption that the owner of the land granted the
easement, and that the evidence of the grant has been lost.   Such
a use raises an irrebuttable presumption of grant.  Alexander v.
Schleicher County, 291 S.W. 263 (Tex.Civ.App. 1927, affirmed 3 S.W.2d
75 Tex.Comm.App. 1928); Rhodes v. Whitehead, 27 Tex. 304 (1863);
and Shepard v. Galveston, H. & H.R. Co., 22 S.W. 267 (Tex.Civ.App.
1893, no writ).

It is the opinion of this office that your second ques-
tion should be answered in the negative inasmuch as such use by
the utility company under its recorded easement could never ripen
into a prescriptive right against the public by reason of said
Article 5517.

### S U M M A R Y

The utility company is responsible for the costs
of relocation of their poles and other facilities in-
cident to the widening of a county road where such poles
and facilities are located on a prescriptive road right-
of-way in an area covered by a written and recorded ease-
ment obtained by such utility company from adjoining
property owners subsequent to the public acquiring the
existing road right-of-way by prescription.  Long use
of such portion of the road right-of-way by such public
utility company under a recorded easement could not
give the utility company any prescriptive rights to
any portion of the road right-of-way actually used
by it for poles and other facilities.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-917-

Prepared by Charles W. Yett
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Don Cummings
Jack Sparks
David Longoria
Harold Kennedy

A. J. CARUBBI, JR.
Staff Legal Assistant